May Term,
1856.

LANE
v.
THE STATE.

---

## LANE v. THE STATE.

Demurrer to three several paragraphs of an answer, as follows: The plaintiff demurs to the first, second and third paragraphs of the defendant's answer, for the following grounds of objection: that they are insufficient in law to constitute a legal defence to the action.

*Held*, that the demurrer was not adapted to the practice under the code of 1852.

*Held*, also, that the decision of the Court below, sustaining the demurrer, was therefore erroneous.

The Courts must, it is presumed, judicially notice a demurrer, and see that it is in substantial conformity to the statute.

It is the safer practice to specify in a demurrer wherein the pleading demurred to is defective—what further facts should have been alleged; but whether that is necessary or not, is not here decided.

May Term,
1856.

LANE
v.
THE STATE.

APPEAL from the *Dearborn* Court of Common Pleas.

STUART, J.—The state of *Indiana* sued *George W. Lane*, upon a recognizance for the appearance of *James H. Lane*, to answer an alleged contempt of Court. The recognizance was entered into on the 3d day of *November*, 1854, and was conditioned for his appearance at the *December* term, 1854, of the Common Pleas. Breach, that *James H. Lane* failed to appear.

*Tuesday,*
*May 27.*

The answer, in several paragraphs, sets up, in substance, that at the time the recognizance was entered into, *James H. Lane* was a member of congress, holding a term of office commencing *March* 4, 1853, and extending to *March* 4, 1855, and as such was privileged from arrest; that at the time fixed for his appearance in Court, said *James* was actually on his way to *Washington* to take his seat as such member of congress; and that the said *James*, being so privileged from arrest, was not bound to appear, nor had his said bail any right or power to arrest and surrender him in Court in discharge of the recognizance, and hence that the recognizance is void.

Some of the paragraphs set up other matters, which it is not necessary to notice.

The state demurred, in these words: "The plaintiff demurs to the first, second and third paragraphs of defendant's answer, for the following grounds of objection: that they are insufficient in law to constitute a legal defence to the action." The Court sustained the demurrer, and the defendant excepted.

The new practice points out six causes of demurrer, which, when any of them appear on the face of the complaint, shall be available to the defendant. 2 R. S., p. 38. So where the facts stated in the answer are not sufficient to constitute a defence, the plaintiff may demur under the same rules as are prescribed for demurring to the com-

plaint. 2 R. S., p. 42. One of these rules, thus applicable both to the complaint and the answer, is, that for no other than the six specified causes, shall a demurrer be sustained; and, again, unless the demurrer shall distinctly specify and number the grounds of objection to the complaint (and of course to the answer,) it shall be overruled. 2 R. S., p. 38, s. 50.

Does the demurrer, in this instance, conform to the provisions of the practice act? We are of opinion that it does not, because it includes neither in terms nor in substance any of the statutory causes of demurrer. Nor does it specify and number the grounds of objection to the answer. It is a general demurrer, unknown to our present practice, addressed to three paragraphs or answers collectively, without any specification as to the particular defects of either.

As there is no provision for a demurrer to a demurrer, it is presumed that the Courts must judicially notice that pleading, and see that it is in substantial conformity to the statute. For the language as to the duty of the Court is imperative, viz., "for *no other cause* shall a demurrer be sustained;" that is, for no other cause than the six above specified. And again, "unless the grounds of objection are distinctly specified and numbered, the demurrer *shall* be overruled." 2 R. S., p. 38.

The demurrer, in this case, not being in form or substance for any of the six specified causes, should have been overruled. It was suggested in consultation that perhaps there should be distinct specifications of the particular defect—stating the facts under each head. But of this we give no opinion in the present case, as it is not necessary to a decision. But the safer practice clearly is, to specify wherein the pleading is defective—what further facts should have been alleged. For otherwise the formula given in the statute would seem to be a general demurrer.

In *Kenworthy* v. *Williams*, 5 Ind. R. 375, the Court had great difficulty in regarding the demurrer as in proper form. But there, a separate demurrer was filed to each

paragraph of the complaint, and we were enabled (not without misgiving) to bring it within the fifth specification. But the correctness of the decision on that point is by no means free from doubt.

In this view of the question, the action of the Court in sustaining the demurrer was erroneous.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*T.* and *C. Gazlay*, for the appellant.

*H. A. Mayhew*, for the state.