THE STATE on the relation of ROBINSON *v.* LEACH and Others.

A demurrer to a complaint pointing out substantially any one of the six defects specified by § 50 of the civil code (2 R. S. p. 38), is sufficient.

A demurrer under the fifth specification is good in the language of the statute, and where the demurrer is not taken in the language of the statute, but points out a fact, necessary to constitute a cause of action, not alleged in the complaint, it is good, so far as it goes, but it does not embrace any objection to the sufficiency of the cause of action, other than that specifically pointed out, although there be other defects that would have been reached by using the language of the statute.

In a suit by a mortgagor upon the official bond of a sheriff, for a penalty and damages under the statute of 1843, the first breach assigned in the complaint alleged that, on decree of foreclosure, the sheriff sold the property without giving the notice required by law. The defendants demurred, assigning for causes, 1. That there is no averment that the property sold was, at the time of the sale, the property of the relator. 2. That the statute gives no penalty.

*Held,* 1. That it is presumed that the mortgagor was the owner of the premises at the time the mortgage was executed; and if he afterwards sold his equity of redemption, that was matter to be alleged affirmatively by the defendants.

2. That § 427, R. S. 1843, p. 751, gives a penalty; and that section is not repealed by § 14, R. S. 1843, p. 1047, according to the provision in § 21, R. S. 1843, p. 1028; nor was it repealed by ch. 54 of the Acts of 1849; and as the suit was commenced prior to *May* 6, 1853, the penalty was saved by § 2 of the general repealing act of 1852, 1 R. S. p. 431.

The third breach alleged that the whole property was sold, when a part would have been sufficient to pay the debt, and that the property was susceptible of division. Demurrer, assigning for cause, that there was no averment that the relator requested a division. *Held,* that by § 413, R. S. 1843, p. 749, if the property was divisible, the sheriff could not sell more than was necessary to discharge the debt; and the sheriff is presumed to have known whether the property was susceptible of division.

The second breach alleged that the property was sold in fee simple, although the rents and profits for seven years had been appraised for more than was due on the execution, including all costs. Demurrer, assigning for cause that the sale was void. *Held*, that the sale might be void, and yet the relator could recover; that it was the duty of the sheriff, on failure to receive a sufficient bid for the rents and profits, to proceed as in case of other property, and the sale of the fee simple was a wrongful and unlawful act; and where a sheriff in the discharge of an official duty is guilty of a wrongful and illegal act which results in damage, he and his sureties are responsible.

May Term,
1858.
———
THE STATE
v.
LEACH.

APPEAL from the *Union* Circuit Court.

WORDEN, J.—Debt on a sheriff's bond.

Tuesday,
June 1.

The declaration sets out an ordinary sheriff's bond, dated *September* 2, 1851, conditioned as required by law, and assigns three breaches.

The first breach assigned is, that the said *Joshua Leach* (the sheriff) did not duly, honestly and faithfully discharge and perform all and singular his duties as such sheriff, during his continuance in office as such sheriff, in all things agreeably to law, in this, that on the 26th of *March*, 1851, *Jonathan Starr* recovered a decree against the relator, in the *Union* Circuit Court, on a bill to foreclose a mortgage for the sum of 748 dollars, 25 cents, and in default of payment within six months, that the land mortgaged be sold, and the equity of redemption barred and foreclosed; and that on the 26th day of *September*, 1851, a copy of said decree, with an execution thereon, was issued and placed in the hands of said sheriff, who levied the same upon the mortgaged premises, and on the 4th of *January*, 1852, sold the feê simple of the same, being still the property of the relator, to one *James M. Conwell*, for the sum of 2,900 dollars, and on the 2d of *February* of the same year, executed and delivered to *Conwell* a conveyance thereof; that said sale was made without publicly advertising the time and place of sale for at least twenty days successively immediately previous to the day of sale, by posting up written or printed notices thereof in three of the most public places in the township in which the property was situated, and a like advertisement at the door of the court-house of the county; that said property was then, and is, worth the sum

May Term,
1858.

THE STATE
v.
LEACH.

of 3,600 dollars. Wherefore the relator claims 700 dollars as damages, and 200 dollars as a forfeiture or penalty.

For a second breach, it is alleged that said execution came to the hands of said sheriff, and was by him levied on said lands, they still being the property of the relator, and that on the 21st of *October*, 1851, he had the same appraised by competent appraisers at the sum of 2,900 dollars, and the rents and profits of the same for seven years at the sum of 79 dollars per year, and that on the 12th of *December*, 1851, the relator paid said sheriff on said execution 429 dollars, and that the whole amount due on said execution on said day of sale, including principal, interest and costs, and the costs of the sale, amounted to only the sum of 391 dollars, 3 cents, being 161 dollars, 97 cents less than the appraised value of the rents and profits of said land for seven years; that on the day of sale, the sheriff offered the rents and profits for seven years, and receiving no bid therefor, instead of returning the same unsold for want of bidders, wrongfully and unlawfully offered and sold the fee simple of the said real estate, and executed a conveyance therefor to said *Conwell*, as above stated, for said sum of 2,900 dollars, the same then being worth 3,600 dollars—by means whereof the relator is entitled to have and recover from defendant the sum of 200 dollars as forfeiture or penalty, and the further sum of 700 dollars for his damages sustained by reason of the premises.

For a third breach, it is alleged that said execution came to the hands of said sheriff, and was by him levied on said lands, as aforesaid, and that on the 21st of *October*, 1851, the same was duly appraised at the sum of 2,900 dollars, and that on the 12th of *December*, 1851, the relator paid said sheriff on said execution the sum of 429 dollars, and that the whole amount due on said execution on the day of sale, including principal, interest and all costs, and the costs of said sale, amounted to only the sum of 391 dollars, 3 cents, and that the sheriff wrongfully and unlawfully offered and sold the fee simple of the whole of said land, and executed a conveyance therefor to said *Conwell*,

as above stated, for the sum aforesaid, that said land was then and now is worth 3,600 dollars, and that the same is susceptible of division, and that a portion of the same, to-wit, twenty-five acres, was amply sufficient to satisfy said execution, and is, and was then worth the whole amount due on said execution, and might have been divided from the remainder, and sold separately, to satisfy the same. Wherefore the relator claims 200 dollars as a forfeiture or penalty, and the further sum of 700 dollars for his damages sustained.

To this declaration, the defendants demurred, assigning the following causes:

1. " There is no averment that the property sold was, at the time of the sale, the property of the plaintiff.

2. " Because the statute gives no penalty for a violation of duty in making sale under the execution law of 1843, the same being amendatory of the law of 1842, and under which said sale was made.

3. " Because, as to so much of said several breaches as unites the penalty and damages, said defendants say they cannot be united.

4. " For further cause to the third breach, because there is no averment that the said relator requested a division, or selected a part to be levied on and sold in satisfaction of said execution.

5. " Because the sale was void, as shown in the second breach."

The Court sustained the demurrer to the second and third breaches assigned, and also as to so much of the first as claimed the penalty.

To this decision of the Court, the plaintiff duly excepted, and thereupon the defendants filed their answer to that part of the first breach to which the demurrer was not sustained, and the plaintiff was ruled to reply on or before the second day of the next term, and the cause was continued. On the second day of the next term thereafter, the plaintiff was called, and refusing to reply, the cause was dismissed for want of prosecution, at the costs of the plaintiff.

May Term,
1858.

THE STATE
v.
LEACH.

The errors assigned are, the sustaining of said demurrer, and the dismissing of the cause, and rendering judgment for costs against the plaintiff.

The questions arising on this demurrer require a reference to the statute pointing out the causes for which a party may demur. By 2 R. S. p. 38, § 50, it is provided that "the defendant may demur to the complaint when it appears upon the face thereof, either—

"First—That the Court has no jurisdiction of the person of the defendant, or the subject-matter of the action; or,

"Second—That the plaintiff has not legal capacity to sue; or,

"Third—That there is another action pending between the same parties for the same cause; or,

"Fourth—That there is a defect of parties, either plaintiff or defendant; or,

"Fifth—That the complaint does not state facts sufficient to constitute a cause of action; or,

"Sixth—That several causes of action have been improperly united.

. "And for no other cause shall a demurrer be sustained," &c.

If we were to hold that a party can demur for causes to be assigned in the precise language of the statute only, then this judgment is erroneous in sustaining the demurrer, and must be reversed, as neither of the causes is assigned in the language of the statute.

But this, we think, would be too narrow a construction, especially when we consider that the legislature have provided as a rule of construction, " that the provisions of this act shall be liberally construed, and shall not be limited by any rules of strict construction." P. 223, § 800. The statute provides that a party may demur whenever any of the six specified objections appear on the face of the complaint, and we think a demurrer pointing out substantially any one of the six defects mentioned, a substantial compliance with the statute.

To illustrate: Suppose to a complaint on contract (in

a case where no consideration is presumed), the defendant should demur, and point out as cause that no consideration was alleged, or that there was no breach alleged, this, we think, would be well taken, under the fifth specification, as it would point out a fact necessary to be stated in order to constitute a good cause of action. A demurrer under the fifth specification would be well taken in the language of the statute, " That the complaint does not state facts sufficient to constitute a cause of action;" and where that statement is omitted, and the demurrer proceeds to point out a fact necessary to constitute a cause of action, which is not alleged in the complaint, it seems to be substantially the same thing so far as it goes, only it is more specific as to the objection, and would not cover any objection other than that specifically pointed out, although there be other necessary facts not stated, that would have been reached, had the language of the statute been employed.

This view of the law in nowise conflicts with the case of *Lane* v. *The State*, 7 Ind. R. 426, as the demurrer in that case simply alleged that " they [the paragraphs demurred to] are insufficient in law to constitute a legal defense to the action." The Court, in that case, very properly say that the demurrer did not conform to the provisions of the statute, because it included neither in terms, nor in substance, any of the statutory causes of demurrer.

With this view, we will proceed to the examination of the questions raised by the demurrer. The cause of demurrer first assigned is, that there is no averment that the property sold was, at the time of the sale, the property of the plaintiff. The wrong complained of was in a proceeding to collect the money on a decree foreclosing a mortgage given by the relator, and we think we are authorized to presume that he was the owner of the property at the time of the execution of the mortgage, and if he has since sold his equity of redemption, we think it is a matter to be alleged affirmatively by the defendants.

The second cause of demurrer raises the question whether, under the statute of 1843, the plaintiff is entitled to the penalty claimed. It may be that this assignment comes

within neither of the six specifications of the statute, but as we have concluded that it ought to have been overruled on other grounds, we have not considered whether it is in compliance with the statute.

The first breach assigned in the complaint alleges a sale of the property, without giving the notice required by law. Section 414, R. S. 1843, p. 749, provides for notice of sale of real estate, and § 427, p. 751, provides that, " Any officer who shall sell any real estate without giving the previous notice herein prescribed shall forfeit and pay to the party injured 200 dollars, in addition to such other damages as such party may have sustained, to be recovered from such officer, or from him and his sureties, in a suit on his official bond."

We will here remark that no statute has been cited, and we know of none, which gives a penalty upon the facts set up in the second and third breaches assigned. The section above quoted is applicable to the first breach only. .

It is claimed that the section above quoted was repealed by an act passed at the same session of the legislature, and approved *February* 11th, 1843. R. S. 1843, p. 1044. It will be observed that the last-named act was approved on the day of the approval of the revision of 1843. The act, a section of which is quoted above, is contained in the revision of 1843, but the other act is not, although it is bound in the same volume. In said revision, p. 1028, § 21, is found the following provision, viz.:

" Whenever any act passed at the present session of the general assembly, separate from the Revised Statutes, shall conflict with or contravene any of the provisions contained in the Revised Statutes, any such provision or provisions of the Revised Statutes shall be abrogated and of no force or effect as to the subject-matter coming within the purview of such act or acts."

The other act, not contained in the revision, contains the following provision, viz.:

" All laws coming within the purview of this act be and the same are hereby repealed; and nothing in the revision of the laws at the present session shall be taken and con-

strued to contravene or repeal any of the provisions of this act." R. S. 1843, p. 1047, § 14.

We think these two statutes, being *in pari materia*, are to be construed together, so as to give effect to each so far as they are not inconsistent with each other; and so far as they are inconsistent, the provisions of that embraced in the revision must give way to the other. We see nothing in the act, nor in the revision, that in any manner conflicts with or contravenes § 427 in the revision, above quoted. On the contrary this section and the said act, so far as we can perceive, may both stand and have full effect in all respects. The said act not in the revision, does not make any provision on the subject of notice of the sale of real estate, nor provide any penalty, nor repeal any penalty provided, for selling without notice; and as they are not in conflict with each other, and as both may stand together and have full effect, we think said section is not "abrogated" by § 21, above quoted, in the revision.

Is said § 427 repealed by the repealing clause above quoted in the act not in the revision? We think not, as the subject-matter of it does not come within the purview of that act. As before remarked, that act does not make any provision for notice of sale, and is silent on the subject of selling without notice.

It contains enactments as to the manner of selling property on execution, &c., but does not profess to provide fully on the subject "of executions, and the duties and liabilities of officers thereon," as does the act in the revision. The reasoning which would lead to the conclusion that this section was repealed, would lead to the same conclusion in reference to the entire law in the revision on the subject of executions, which we think was evidently not the intention of the legislature. This point has already been before this Court in the case of *The State* v. *Youmans*, 5 Ind. R. 280, although it was alluded to only incidentally. That was a suit to recover for a failure to return an execution, and based upon § 462 of the act in the revision of 1843. The Court say in the case:

"An act in force when this suit was instituted, and upon

which it was founded, provides that if any officer," &c., reciting said § 462.

The Court held that said section was repealed by an act of 1849. Acts of 1849, p. 64. The act of 1849, however, does not repeal § 427. It is claimed, however, that it was repealed by the code of 1852, and that, being a penal provision, the penalty cannot be enforced after the repeal. Undoubtedly when a penal statute is repealed without any saving, the penalty falls with the statute, as there is no vested right in a penalty; and this is the case, although suit may be pending for the penalty. *The State* v. *Youmans, supra*.

The repealing act of 1852 contains the following provision, viz:

"No rights vested, or suits instituted, under existing laws, shall be affected by the repeal thereof, but all such rights may be asserted, and such suits prosecuted, as if such laws had not been repealed." 1 R. S. p. 431, § 2.

If this suit was instituted and pending at the time the revised code of 1852 took effect (*May* 6, 1853), we think the penalty was saved under the above provision. The record of the case shows no process, but it shows that on the 6th judicial day of the spring term of the Court, commencing on the 28th day of *February*, 1853, the parties appeared, and the plaintiff refiled her declaration. We think the suit must be deemed to have been instituted on the appearance of the parties, at the spring term, 1853. *The State ex rel. &c.* v. *Clark et al.*, 7 Ind. R. 468. It follows that the proceedings were not affected by the repeal. The demurrer should have been overruled as to the first breach.

We shall pass over the third cause of demurrer assigned, as no point is made in reference to it by counsel on either side, in their briefs. *Baily et al.* v. *Snyder*, 8 Ind. R. 109.

The fourth cause of demurrer to the third breach, points out the fact that there is no averment therein that the relator requested a division of the property, &c.

The breach alleges a sale of the whole property, when a

a part would have been sufficient to pay the debt; that the property was susceptible of division; and that a small portion could have been sold for sufficient, &c.

The statute in force at the time of the sale, provides that "no more of any real estate shall be offered for sale than shall appear necessary to satisfy the execution, unless the same is not susceptible of division." R. S. 1843, p. 749, § 413.

In the case of *Reed* v. *Diven*, 7 Ind. R. 189, the Court held that a similar provision in the statutes of 1852 "imposes a duty on the sheriff which he may not omit. The property levied on, being divisible, he is restricted from offering more of it than may be necessary to discharge the debt in his hands for collection." It was claimed in the case cited, that in order to bring the sheriff in default, the execution-defendant should have furnished him with a map or other description, showing that the land lay in separate tracts. But the Court held that, under the statute, "the sheriff himself, when he levies upon real estate must be presumed to know whether it is susceptible of division."

The above cited case seems to settle the question raised by this assigned cause of demurrer.

The demurrer to the third breach should have been overruled.

The fifth and last cause of demurrer, applies to the second breach, and alleges that the sale therein set up was void. This breach alleges a sale of the property in fee simple, although the rents and profits for seven years had been appraised for more than was due on the execution, and all costs. The duty of the sheriff, in such case, was pointed out by the statute, as follows, viz.:

" Whenever such rents and profits are appraised at a sum equal to or exceeding the amount due on such writ, such real estate shall not be offered for sale, but the rents and profits shall be offered, and if they will not sell for their appraised value, the officer shall proceed in the same manner as in case of other property." R. S. 1843, p. 1047, § 10. He might have reoffered them not exceeding three times in the lifetime of the writ, and if on the return-day of

the writ they remained unsold for want of buyers, he should have returned the writ, with his doings thereon. *Id.* p. 1045, §§ 4, 5 of the same act.

We think that although the sale may be void, (a point which we do not decide, and upon which we intimate no opinion,) that is no reason why the relator should not recover. If the sale was valid, he was damaged to the extent of at least the difference between the value of the land, and the price at which it was sold; and if the sale was void, we think he might be damaged by having a cloud thrown over his title, and he might be subjected to harrassing, vexatious and expensive litigation to remove it. In the case of *The State* v. *Lines*, 4 Ind. R. 351, it is said by the judge who delivered the opinion, that—" When a sheriff accepts the office, he contracts that he will faithfully discharge its duties. This plainly embraces every duty required by law. It follows, that when he omits any act of duty enjoined by virtue of his office, he is guilty of a breach of his contract, and will be held responsible, should damages result from such breach." (1)

We think, also, that where, in the discharge of a duty required of him by law, and by virtue of his office, he is guilty of a wrongful and illegal act which results in damage, he is equally responsible, as well as his sureties on his bond.

It was the duty of the sheriff, on failure to receive a sufficient bid for the rents and profits, to proceed "as in case of other property," and the sale of the fee simple was a wrongful and unlawful act.

It is alleged in argument, that no damages are shown to have been sustained, and therefore, the demurrer as to this breach was correctly decided. The answer to this proposition is, that no such cause of demurrer is assigned. Had the language of the statute been employed, that the breach "does not state facts sufficient to constitute a cause of action," perhaps this position would have been correct. As the objection (if it be a valid one) was not pointed out by the demurrer, and as the demurrer undertakes to point out specific defects, and is not placed upon the broad ground

that the pleading "does not state facts sufficient to constitute a cause of action"—thereby leaving the party at liberty to rely on the omission of any fact necessary to be stated—it ought not to be considered in determining the demurrer.

*May Term, 1858.*

We are of opinion that the demurrer should have been overruled as to the second breach.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded, &c.

*J. Yaryan,* for the state.

*C. H. Test, J. S. Reid* and *J. F. Gardner,* for the appellees.

(1) See, also, 9 Johns. 381; 6 Blackf. 444; *Ford* v. *Godbald,* 2 Strobh. 109.