BARNER v. MOREHEAD.

PRACTICE—DEMURRER—PLEADING.—A demurrer to three paragraphs of an answer in these words: "Said plaintiff comes and demurs to the first, second and third paragraphs of the defendant's answer, and each of them, for the following grounds of exception, viz: that said paragraphs of defendant's answer do not state facts sufficient to constitute a defence," should be treated as joint, and not several, and if any one of the answers so demurred to was good the demurrer should be overruled.

PLEADING—CONSIDERATION.—An answer to an action upon a note that the note was given without any consideration whatever is good.

APPEAL from the *Boone* Common Pleas.

PERKINS, J.—This was a suit upon two promissory notes made by *Morehead,* the defendant, payable to one *Carter,* receiver, &c., and his successors in office. *Barner* claims to be a successor. The complaint did not contain the appointment of *Barner,* as receiver, and we doubt whether it was not defective for that reason, not because the appointment was the

Barner *v.* Morehead.

foundation of the action, but of the power to sue. Perhaps that power, in such case, should be shown. The note was not payable to *Barner*, nor was it assigned to him. See *Heron* v. *Vance*, 17 Ind. 595; *The Ohio, &c. Co.* v. *Fitch*, 20 *id.* 498. The defendant answered in four paragraphs. To three of these paragraphs the plaintiff demurred thus:

"Said plaintiff comes and demurs to the first, second and third paragraphs of defendants' answer, and each of them, for the following grounds of exception, viz: that said paragraphs of defendant's answer do not state facts sufficient to constitute a defence."

The Court overruled the demurrer; the plaintiff excepted generally, and then replied, generally, in denial of the three paragraphs. The cause was tried by the Court. There was final judgment for the defendant.

The demurrer to the paragraphs of the answer was treated, below, as joint to all the paragraphs, without objection by counsel; and we think that construction might be put upon it. Indeed, counsel on both sides so treat it in this Court. Ambiguity may be turned against the party employing it. This being so, if there was one good paragraph, the demurrer was rightly overruled. *Talbott* v. *Armstrong*, 14 Ind. 254. One of the paragraphs was that the notes were given without any consideration whatever. This was good. A general answer of no consideration is valid. *Frybarger* v. *Cockefair*, 17 Ind. 404; *Swope* v. *Fair*, 18 Ind. 300.

*Per Curiam.*—The judgment below is affirmed, with costs.

*Tipton, McDonald & Boone*, for the appellant.

*James N. Sims*, for the appellee.