## Hume and Another *v.* Dessar.

DEMURRER.—A demurrer in the following form was held to be a several and not a joint demurrer, viz: "The plaintiff demurs separately to the first, second, third and fourth paragraphs of the answer, because neither of said paragraphs states sufficient facts," &c.

PLEADING.—FAILURE OF TITLE.—To an action by an assignee to foreclose a mortgage, the defendant answered that the note secured by the mortgage was given in part consideration of the land described in the mortgage, which was conveyed by plaintiff's assignor to defendant by warranty deed, and that the grantor did not then have any title thereto, &c.

*Held,* that the answer was bad, as its allegations might be true and the defendant yet have a good title to the land under the deed.

APPEAL from the *Hendricks* Circuit Court.

GREGORY, J.—*Dessar,* as assignee of *Alexander* and *John Clark,* sued the appellants on a note and mortgage. The defendants answered in four paragraphs. The plaintiff demurred as follows: "The plaintiff, *Joseph B. Dessar,* demurs separately to the first, second, third and fourth paragraphs of the answer of said defendants, *Ambrose C. Hume* and *Levina Hume,* because neither of said paragraphs states facts sufficient to constitute a defense to this action." The court overruled the demurrer to the first, second and third, and sustained it to the fourth paragraph.

It is claimed that this is a joint demurrer to the answer, and that as there were three good paragraphs, it ought to have been overruled as to the entire answer. This demurrer is unlike the one in *Barner* v. *Morehead,* 22 Ind. 354. The court below treated the demurrer in the case at bar as a several demurrer to each paragraph, and in this we think no error was committed.

It is contended that the fourth paragraph is good, and that the court below erred in sustaining the demurrer to it. That paragraph sets up, as a defense to the entire action, that the note sued on was given in consideration, in part, of the several tracts of land described in the mortgage, and conveyed to the defendants by the assignors of the plaintiff by warranty deed, they, the said *Alexander* and *John Clark,* not then and there having title thereto. This paragraph was no defense to the foreclosure of the mortgage. *Hubbard et ux.* v. *Chappel,* 14 Ind. 601. Nor do we think it was a defense to any part of the action. That the

grantors had no title at the time of the conveyance by war-ranty deed may be true, and yet the grantee may, under such a deed, have a perfect title. We think the court below committed no error in sustaining the demurrer.

The judgment is affirmed, with costs, and five per cent. damages.

*C. C. Nave* and *J. G. Miles*, for appellants.

*J. T. Dye* and *A. C. Harris*, for appellee.