PORTER and Another *v.* WILSON and Another.

DEMURRER.—A demurrer assigning for cause, that the several paragraphs of a complaint " are not good and sufficient in law," presents no issue of law.

SAME.—*For what Causes Allowed.*—A demurrer must assign some one of the six causes enumerated by the code. (2 G. & H. 77.)

Porter and Another *v.* Wilson and Another.

PRACTICE.—*Motion to Strike Out.*—A paragraph of an answer which is equivalent to the general denial should be stricken out on motion, in a case where the general denial is pleaded elsewhere in the same answer.

FRAUD—*False Representation in Sale of Real Estate.*—A complaint alleged that defendant as agent of A. sold plaintiff certain real estate, on one acre of which stood a school house; that at the time of the sale, the defendant fraudulently and falsely represented that the school house and the land on which it stood had been abandoned and vacated by the school trustees, and that the trustees had erected another school house in the district, which was used for school purposes; that these representations were known by the defendant to be false; that the plaintiff relied upon them; and that they were false. The defendant answered, that the plaintiff was on the land at the time of the purchase; that he fully examined the same, and was fully apprised of the condition of the land and the said school house, and knew that the principal held the land, including the school house, by a general warranty deed duly recorded.

*Held*, that the answer was bad.

PRACTICE.—*Bill of Exceptions.*—On the 8th of June, a cause was disposed of, and sixty days were given to file a bill of exceptions, and on the 27th of November following, a bill of exceptions was signed by the judge. To the bill a certificate was appended by the judge, stating that it was presented and left on his desk in his necessary absence from home; and that he did not return until after the time for signing the same had expired.

*Held*, that as it did not appear that the bill was presented within the time limited, it could not be regarded as part of the record.

APPEAL from the Howard Circuit Court.

WORDEN, J.—Action by the appellees against the appellants. Complaint in three paragraphs. Demurrer to the complaint in the following words: "Now come the defendants and demur to the first, second, and third paragraphs of the plaintiffs' complaint, for the following grounds of objection, to wit: first, said first, second, and third paragraphs, nor either of them, is good in law; second, there is a misjoinder of causes of action; third, there is a misjoinder of parties defendants; wherefore," &c. The demurrer was overruled, and the defendants excepted.

The defendants then answered, first, by general denial of the first and second paragraphs of the complaint; second, by setting up matter professedly in avoidance of the first paragraph of the complaint; third, by setting up matter in avoidance of the second paragraph of the complaint.

The court, on motion, struck out the second paragraph of the answer, as being nothing more than the general denial, which was already pleaded, and sustained a demurrer to the third, on the ground that it did not state facts sufficient, &c.

The cause was tried by the court, who found for the plaintiffs and rendered judgment accordingly, having overruled a motion of defendants for a new trial.

The appellants have assigned error upon the rulings of the court in overruling the demurrer to the complaint; in striking out the second paragraph of the answer; and in sustaining the demurrer to the third paragraph.

Beginning first with the last assigned cause of demurrer to the complaint, we may observe that we perceive no misjoinder of parties defendants; but if there were, we can hardly conceive that the defendants could succeed on a joint demurrer therefor.

If the second cause of demurrer, the misjoinder of causes of action, was well taken, and if for that cause the demurrer should have been sustained, the judgment below cannot, for that reason, be reversed.    2 G. & H. 81, sec. 52.

The first cause of demurrer, that the several paragraphs are not " good and sufficient in law," raises no question for our consideration.    It is not equivalent to a statement that the pleading does not state facts sufficient to constitute a cause of action, nor is it any one of the statutory causes of demurrer.    The statute enumerates and defines six causes of demurrer, and provides that for no other cause shall a demurrer be sustained.    2 G. & H. 77; *Lane* v. *The State*, 7 Ind. 426; *Tenbrook* v. *Brown*, 17 Ind. 410; *Kemp* v. *Mitchell*, 29 Ind. 163.

Passing from the complaint to the answer, we are of opinion that the court rightfully struck out the second paragraph thereof for the reason assigned, as the matter of the paragraph was covered by the general denial.

We are also of opinion that the demurrer was correctly sustained to the third paragraph of the answer.    The paragraph of the complaint to which it was pleaded charges that

the defendants were real estate brokers and partners in the business of buying and selling real estate; that they, as the agents of George W. Silvers, sold to the plaintiffs certain real estate described, one acre of which, on which stood a school house, belonged to the township; that the defendants, for the purpose of inducing the plaintiffs to make the purchase, and intending to deceive and defraud them, falsely and fraudulently represented to them that the school house and the land on which it stood had been abandoned and vacated by the school trustees; that there had been no school in the house for years; that the trustees had erected another school house in the district, a quarter or a half mile north of the premises which they then occupied for school purposes; that these representations were known to be false by the defendants; that the school house had not been abandoned, but had been used continuously for school purposes by the township down to the time of sale; that no other school house had been built in the district; that the plaintiffs, being strangers in the country and ignorant in the premises, and relying upon the representations, made the purchase, &c.

The gist of the paragraph is the fraud perpetrated by the representations that the school house and the land on which it stood had been abandoned and vacated by the school trustees; that there had been no school in the house for years; and that another school house had been erected in the district.

The answer to this is, in substance, that at the time of the purchase by the plaintiffs, they were on the land and fully examined the same, and were well apprised of the condition of the land and said school house, and knew that Silvers held the land, including the school house, by a general warranty deed duly recorded. All that is thus alleged might be true, and yet the plaintiffs not know that the representations imputed to the defendants were false. The allegation that the plaintiffs were apprised of the condition of the land and school house is ambiguous, and must be construed most strongly against the defendants; it cannot there-

fore be held to mean anything more than that the plaintiffs were apprised of the material condition of the land and school house.   The allegation that the plaintiffs knew that Silvers held the land by warranty deed, does not help the matter any.   That can mean nothing more, as applied to the case made by the complaint, than that the plaintiffs knew that Silvers held a warranty deed for the land.   The answer does not controvert the title of the township to the acre, nor is there anything in it that meets or avoids the effect of the false and fraudulent representations imputed to the defendants.

The remaining errors assigned relate to such matters as can be made to appear only by bill of exceptions.

The cause seems to have been disposed of on the 8th of June, 1869, and sixty days were given in which to file a bill of exceptions.   A bill of exceptions was signed by the judge on the 27th of November, and filed on the 21st of December of the same year.   The judge appends to the bill of exceptions a certificate that it was presented and left on his desk in his necessary absence from home, and that he did not return until after the date of signing the same had expired.   It will be seen that the bill was not signed until between three and four months after the time limited, and then it was not filed for nearly a month after it was signed.   The certificate of the judge does not show, nor does it in any manner appear, that the bill was presented and left on the judge's desk within the time limited; and whatever we might think should be done in case it had been thus presented within the time, we are clearly of the opinion that the bill in question can not be regarded as part of the record.

The judgment below is affirmed, with costs, and five per cent. damages.

*J. W. Robinson* and *H. A. Brouse,* for appellants.

*M. Bell* and *A. S. Bell,* for appellees.