SILVERS *v.* THE JUNCTION RAILROAD COMPANY ET AL.

PRACTICE.—*Reply.*—*Form of Demurrer.*—*Joint and Several Demurrer.*— A demurrer was filed to a reply, in the following language: " Now come the defendants in the above cause and demur to the second, third, and fourth paragraphs of plaintiff's reply to defendants' answer, upon the following grounds : 1st. said second paragraph does not state facts sufficient to constitute a defence to said answer, or to enable said plaintiff to recover; 2d, said third paragraph does not state facts sufficient to constitute," etc., (the same as the first, and as to the fourth paragraph the same).

*Held*, that the demurrer was good, and raised the question as to the sufficiency of the facts stated in the reply.

*Held*, also, that the demurrer was joint, and not several.

SAME.—*Form of Demurrer.*—To make a demurrer several, it is not necessary that it should be addressed in terms to each paragraph of the pleading to which it is filed. The use of the words *severally* and *each* will cause a demurrer to be treated as several. For proper forms of demurrer, see opinion.

SAME.—*Pleading.*—Each paragraph of a pleading must be perfect and complete within itself, and defective allegations in one paragraph cannot be aided by reference to another.

SAME.—*Trial.*—There cannot be a final judgment rendered against a plaintiff while there is one good paragraph of a reply undisposed of by demurrer or trial.

From the Hancock Circuit Court.

*W. March*, for appellant.

*M. E. Forkner* and *E. H. Bundy*, for appellees.

BUSKIRK, J.—This was an action by the appellant against the appellees, for the purpose of annulling and setting aside a conveyance of land executed by the appellant to the railroad company, upon the ground that such conveyance had been procured by false and fraudulent representations.

The complaint describes the land, states its value, the representations made and their falsity, the consideration of the conveyance, the offer to rescind, the tender back of the consideration, and the bringing of the same into court, the conveyance by the company to the other appellees, with full notice of the fraud, of certain portions of said real estate, and the waste committed on such lands. The prayer was for rescission of the contract and reconveyance of the lands or damages occasioned by the fraud.

A demurrer was overruled to the complaint, and the appellees excepted.

The appellees jointly answered by the general denial.

The railroad company answered separately as follows:

"And for further answer of said defendant, she admits that the plaintiff under contract with said company conveyed the said lands described in the complaint, in consideration of receiving six hundred and fifty-one shares of the capital stock of said company, and one side check of eleven dollars, in all of the value of thirty-two thousand five hundred and sixty-one dollars; and she avers that she issued and delivered to the plaintiff, from time to time, at the request of the plaintiff, during the years 1853 and 1854, certificates of stock of said company, in number six hundred and fifty-one shares, and side check eleven dollars, in accordance with said contract; and she further avers that after the issue and delivery to him thereof, and before the commencement of said suit, he sold, transferred, and assigned two of said certificates of stock, covering four hundred and one shares, of the value of twenty thousand and fifty dollars, to one Alamson Marsh, and by request of the plaintiff the same was transferred on the books of the company to said assigns in accordance with the directions of said plaintiff, who now holds said certificates therefor, in his own right, and the defendant avers that the certificates of stock now by him brought into court, to the number of four hundred and one shares, with said complaint, to be delivered to the company, are not the same certificates issued by the company and delivered to the plaintiff by said company, under and in fulfilment of said contract, but different and other certificates; wherefore she is ready to prove said facts, she prays judgment, and she files copies of said returned certificates."

The plaintiff replied as follows:

"The said plaintiff for reply to the second paragraph of the defendants' answer says: 1. That said transfer of four hundred and one shares of stock to said Marsh was made on the — day of October, 1853; that previous to said transfer

Silvers *v*. The Junction R. R. Co. *et al.*

of stock the plaintiff had not discovered the fraud alleged in the complaint or any part thereof, and had no reason to suspect that any such fraud had been practised upon him by said company; that at the time said transfer was made, the same was made in blank and delivered to one Woodruff, as collateral security for the payment of money then borrowed of him; that as soon as the plaintiff discovered said fraud, he went to the city of Cincinnati for the purpose of redeeming and procuring said stock from said Woodruff; that he ascertained that he was dead, and the plaintiff was unable to find or procure said stock or ascertain where the same was, and has never been able to procure or find the same, though using all possible diligence to do so; that he never knew or heard of said Marsh, or of his having any claim to said stock before the filing of said answer, at the present term of this court.

"2. That previous to the death of said Woodruff, the plaintiff had paid to him a large portion of the money so borrowed of him, and the remainder exists as a debt against the plaintiff, and he has never received anything of value for said stock, except in the manner above stated; that the remainder of the stock filed with the complaint is the identical stock issued by said company to the plaintiff on the contract stated in the complaint.

"3. That the said stock of said company, since the discovery of said fraud by the plaintiff, has never had any appreciable value, but has been and still is entirely worthless, nor is there any reasonable probability of its being of any value.

"4. That said stock of four hundred and one shares were by some person to the plaintiff unknown, after the death of said Woodruff, voluntarily surrendered to said company without any consideration whatever."

The defendants filed the following to the reply:

" *Silvers* v. *Junction R. R. Co. et al.*

"Now come the defendants in the above cause and demur to the second, third, and fourth paragraphs of plaintiff's

reply to defendants' answer, upon the following grounds: 1st. Said second paragraph does not state facts sufficient to constitute a defence to said answer, or to enable said plaintiff to recover.

"2d. Said third paragraph does not state facts sufficient to constitute a defence to said answer, or to enable said plaintiff to recover.

"3d. Said fourth paragraph does not state facts sufficient to constitute a defence to said answer, or to enable plaintiff to maintain his said action."

The demurrer was sustained to the second, third, and fourth paragraphs of the reply, and appellant excepted.

Thereupon the defendants withdrew their general denial, and plaintiff refusing to plead further, final judgment was rendered for the defendants.

The appellant has assigned for error the sustaining of the demurrer to the second, third, and fourth paragraphs of the reply.

There is no assignment of cross errors, nor have we been favored with a brief by the appellees.

Various positions are assumed by counsel for appellant, which we will dispose of in their order, if it shall become necessary to consider them all.

The first is, that the paper which purports to be a demurrer is not a demurrer in form or substance; and in support of this position reference is made to the following adjudged cases in this court: *Tenbrook* v. *Brown*, 17 Ind. 410; *Barner* v. *Morehead*, 22 Ind. 354; *The C. & C. R. R. Co.* v. *Washburn*, 25 Ind. 259; *Kemp* v. *Mitchell*, 29 Ind. 163; *Porter* v. *Wilson*, 35 Ind. 348.

In the case cited in 17 Ind., the following was the form of the demurrer: "Comes now said plaintiff and demurs to the second paragraph of the defendant's answer, and says that the same is not sufficient in law to enable the defendant to sustain his said defence, or to bar the plaintiffs' complaint;" and it was held, that as the demurrer assigned none of the

six statutory causes, it was bad and presented no question of law.

The case cited in 22 Ind. involved the question of whether the demurrer was joint or separate, and will be considered in another portion of this opinion.

In the case referred to in 25 Ind., the demurrer was, that the facts alleged did not "entitle the plaintiff to the relief demanded," and the court held that our statute does not warrant a demurrer for that cause, and expressly requires such an one to be overruled.

The second ground of demurrer in the case relied upon in 29 Ind. was, that the same was not sufficient in law to entitle the plaintiff to the relief demanded. The court say: " The second cause of demurrer raises no question whatever; it is unknown to our laws, and the code is plain that a demurrer assigning only such a cause must be overruled.

In *Porter* v. *Wilson, supra,* the form of the demurrer was, that the several paragraphs "are not good and sufficient in law," and it was held to raise no question for the consideration of the court. The court say: " It is not equivalent to a statement that the pleading does not state facts sufficient to constitute a cause of action, nor is it any one of the statutory causes of demurrer. The statute enumerates and defines six causes of demurrer, and provides that for no other cause shall a demurrer be sustained."

It is very obvious that the form of demurrer in the case in judgment is very different from those in the above cases. In none of them was there an attempt to follow the form prescribed by the code. The most of them seem to have been modelled after the form used in *Lane* v. *The State,* 7 Ind. 426, although that was held bad about eighteen years ago.

In *Pace* v. *Oppenheim,* 12 Ind. 533, the demurrer was, that " the complaint does not contain facts enough to entitle the plaintiff to relief," and it was held to be in substantial compliance with the fifth specification of section 50 of the code.

In *Stanley* v. *Peeples,* 13 Ind. 232, the cause of demurrer was, that the complaint " does not contain and set forth suffi-

cient facts to enable the plaintiffs to sustain said action," and was held to substantially conform to the statute.

In *Lagow* v. *Neilson*, 10 Ind. 183, and in *The State* v. *Leach*, 10 Ind. 308, a very liberal rule was laid down. It was held that a demurrer pointing out substantially any one of the six defects mentioned was a substantial compliance with the statute.

By section 50 of the code, 2 G. & H. 77, it is provided, that "the defendant may demur to the complaint when it appears upon the face thereof, either,

"First. That the court has no jurisdiction of the person of the defendant, or the subject of the action; or,

"Second. That the plaintiff has not legal capacity to sue; or,

"Third. That there is another action pending between the same parties for the same cause; or,

"Fourth. That there is a defect of parties, plaintiff or defendant; or,

"Fifth. That the complaint does not state facts sufficient to constitute a cause of action; or,

"Sixth. That several causes of action have been improperly united.

"And for no other cause shall a demurrer be sustained; and, unless the demurrer shall distinctly specify and number the grounds of objection to the complaint, it shall be overruled."

Section 64 of the code, 2 G. & H. 92, reads as follows: "Sec. 64. Where the facts stated in the answer are not sufficient to constitute a cause of defence, the plaintiff may demur to one or more of several defences, under the same rules and regulations as heretofore prescribed for demurring to the complaint."

Section 67 of the code, 2 G. & H. 94, is as follows: "Sec. 67. When the answer contains new matter, the plaintiff may reply thereto, denying each allegation controverted by him or any knowledge or information thereof, sufficient to form a belief; and he may allege in plain and concise lan-

·guage, without repetition, any new matter not inconsistent with the complaint, and constituting a defence to the answer; the defendant may demur to a reply for any of the causes specified for demurring to a complaint."

The principal difficulty seems to be in preparing a demurrer so as to conform it to the fifth cause of demurrer, as specified in section 50.

It should be observed that by section 64, the cause for which a plaintiff may demur to an answer is, that the facts stated are not sufficient to constitute a cause of defence; and that in section 67, the plaintiff may set up "any new matter not inconsistent with the complaint and constituting a defence to the answer.

The correct form for a demurrer based upon the fifth specification of section 50, whether to the complaint, answer, or reply, is as follows: ·

1. That the complaint does not state facts sufficient to constitute a cause of action.

2. That the answer does not state facts sufficient to constitute a cause of defence.

3. That the reply does not state facts sufficient to constitute a defence to the answer. . .

A demurrer in the above form would reach any defect in the statement of the facts, either in the complaint, answer, or reply, and would present for the decision of the court the sufficiency of the facts so stated; but where such statement is omitted, and the demurrer proceeds to point out a fact necessary to constitute a cause of action or defence which is not alleged in the complaint, answer, or reply, it seems to be substantially the same thing so far as it goes, only it is more specific as to the objection, and would not cover any objection other than that specifically pointed out, although there be other necessary facts not stated, that would have been reached had the language of the statute been employed. *The State* v. *Leach*, 10 Ind. 308.

It has been held in all the adjudged cases since the code was adopted, that a demurrer for the cause stated in the fifth

specification is good when expressed in the language of the statute, but there has been much conflict, as is shown in the cases hereinbefore reviewed, where other language has been employed. It is, therefore, much safer to employ the language of the statute.

It is provided by section 800 of the code, that "the provisions of this act shall be liberally construed, and shall not be limited by any rules of strict construction." 2 G. & H. 336.

There are some useless words employed in the demurrer under examination, such as "or to enable said plaintiff to recover," and "or to enable plaintiff to maintain his said action," but they will not vitiate the other portions. Omitting such phrases the demurrer is in substantial, if not exact, compliance with the statute. We are of opinion that the demurrer was good and raised the question as to the sufficiency of the facts stated in the reply.

It is in the next place insisted that the demurrer is joint, going to the whole reply, and not several, going to each paragraph separately, and that it was error to sustain it if any one of the paragraphs was good.

In *Lane* v. *The State*, *supra*, a demurrer in the following language was held to be joint:

" The plaintiff demurs to the first, second and third paragraphs of defendant's answer, for the following grounds of objection: that they are insufficient in law to constitute a legal defence to the action."

The court say: "Does the demurrer, in this instance, conform to the provisions of the practice act? We are of opinion that it does not, because it includes neither in terms nor in substance any of the statutory causes of demurrer. Nor does it specify and number the grounds of objection to the answer. It is a general demurrer, unknown to our present practice, addressed to three paragraphs or answers collectively, without any specification as to the particular defects of either."

In *Barner* v. *Morehead*, 22 Ind. 354, the demurrer was thus:

" Said plaintiff comes and demurs to the first, second and third paragraphs of the defendant's answer, and each of them, for the following grounds of exception, viz.: that said paragraphs of defendant's answer do not state facts sufficient to constitute a defence."

The court held that the demurrer should be treated as joint, and not several, and if any one of the answers so demurred to was good, the demurrer should be overruled.

In *Jewett* v. *The Honey Creek Draining Co.*, 39 Ind. 245, a demurrer in the following form: " The plaintiff demurs to the fifth and sixth paragraphs of defendants' answer, and to the second amended paragraph of answer," was held joint and void, because it assigned no cause whatever for the demurrer.

This court in *Parker* v. *Thomas*, 19 Ind. 213, uses the following language:

" Should the cause be reversed because of the overruling of the demurrer to the second paragraph ? Here arises a question of practice. The demurrer was as follows: ' The plaintiff demurs to each paragraph of the answer,' etc. The appellee insists that the demurrer was properly overruled if there were any good paragraphs. We think, however, that the demurrer should be taken distributively, and that it is equivalent to a separate demurrer filed to each paragraph. It might well be overruled as to some and sustained as to other paragraphs. It is not like a demurrer that must be wholly sustained or overruled."

In *Fankboner* v. *Fankboner*, 20 Ind. 62, the demurrer was as follows: " Comes now the plaintiff and demurs severally to the second, third, fourth, fifth, sixth, and seventh paragraphs of the defendant's answer, for cause," etc.

The court said: " But it is claimed that the demurrer was a joint demurrer to the whole of the paragraphs to which it was filed, and hence should have been overruled, if any one of them was good. The demurrer, we have seen, was to these paragraphs severally. The case can not be distinguished

from that of *Parker* v. *Thomas*, at the last term, where it was held that a demurrer to each paragraph operated distributively, and had the same effect as if a separate demurrer had been put in to each paragraph. So here, one demurrer is put in severally, and should have the same effect. The case differs from that of *Brown* v. *Gooden*, 16 Ind. 444, which is cited. There the demurrer did not profess to be filed 'severally or separately' to each paragraph, but to the whole answer."

In *Aiken* v. *Bruen*, 21 Ind. 137, the demurrer was severally to each paragraph and assigned for cause that said paragraphs are severally insufficient to constitute a defence to the action, and the court held that the demurrer must be taken as a separate demurrer to each paragraph.

The court said : " If the counsel had assigned for cause, that the paragraphs, severally, did not contain facts sufficient to constitute a defence, he would have added but little to his labor in drafting the demurrer, and relieved himself from considerable in answering objections to the demurrer as drawn."

In *Hume* v. *Dessar*, 29 Ind. 112, where the plaintiff demurred separately to the first, second, third, and fourth paragraphs of the answer, because neither of said paragraphs states sufficient facts, etc., the court held the demurrer to be several.

The rule seems to be well settled that it is not necessary, to make a demurrer several, that it should be addressed in terms to each paragraph of the pleading to which it is filed. The use of the words *severally* and *each* will cause a demurrer to be treated as several, although it is not separately addressed to each paragraph. Much confusion, delay, and expense would be saved if some recognized form was adhered to by counsel. It is always the better practice to make a demurrer several. There is nothing gained, and frequently much inconvenience results, from a joint demurrer. From the adjudged cases in this court, since the adoption of the code, there is no room to doubt that a demurrer in the following form, under the fifth specification, would be held to be a

Silvers v. The Junction R. R. Co. et al.

several demurrer: Comes now the defendant and demurs separately and severally to each paragraph of the complaint and for cause of demurrer says, that neither of said paragraphs contains facts sufficient to constitute a cause of action. A demurrer to the answer or reply in the same form, with a change of phraseology, so as to adapt it to the particular pleading, would in like manner be treated as several.

Making an application of the principles enunciated in the foregoing cases to the case in judgment, we are of the opinion that the demurrer under examination must be regarded as joint and not as several. The language of the demurrer is, that the defendants demur to the second, third, and fourth paragraphs of plaintiff's reply to defendants' answer, upon the following grounds, etc. It does not say that they demur separately and severally to each paragraph of the reply, but it is to the three paragraphs. It is true that in a statement of the causes of demurrer, they are stated separately to the three paragraphs, but this can not make the demurrer several when it is addressed to three paragraphs collectively and not severally. When the demurrer is made several by the use of the words separately, severally, and each, then one or several causes of demurrer may be stated. The demurrer is joint, while the causes are assigned separately to the three paragraphs.

We proceed to inquire whether the court erred in sustaining the demurrer to the second, third, and fourth paragraphs of the reply; and at the threshold of the inquiry we are greatly embarrassed in determining whether the reply should be regarded as consisting of one paragraph in a legal sense, subdivided into four grammatical paragraphs, or whether it consists of four paragraphs in a legal sense. The parties and the court below seem to have treated the reply as consisting of four paragraphs within the meaning of the code. The demurrer was directed against the second, third, and fourth paragraphs. There was no demurrer to what was regarded as the first paragraph. Regarding the reply as consisting of four paragraphs, it is very obvious that neither of them

was good. Neither of them was complete within itself, and neither separately considered stated facts sufficient to constitute a defence to the answer. The first and second paragraphs, when taken together, would present the question whether the surrender by Marsh to the railroad company of the four hundred and one shares of stock issued to the plaintiff and by him assigned, and the tender by the plaintiff of four hundred and one shares of other stock issued by the company to other persons and by them assigned to plaintiff, would constitute such a tender as would entitle the plaintiff to a rescission of the contract; but taken separately they present no question. The third, if constituting a part of the first, would raise the question whether it was necessary to make a tender of stock that possessed no value, but considered separately it is wholly unintelligible. Unless it is read in connection with and as constituting a part of the first, there is nothing to show that it has any connection with the case. The fourth, whether considered separately or in connection with the other paragraphs, does not seem to constitute any defence to the answer. Each paragraph must be perfect and complete within itself, and defective allegations in one paragraph can not be aided by reference to another; but in the present case there is not even a reference to the other paragraphs. There is nothing but the figures 1, 2, 3, and 4, that indicate any purpose of making more than one paragraph of the reply. Regarding the reply as consisting of four paragraphs, there was no error in sustaining the demurrer to the second, third, and fourth. Regarding it as consisting of one paragraph, it may, perhaps, constitute a good defence to the answer, but it was not so treated in the court below, nor has the questions arising upon the demurrer to the reply, which would reach back to, and call in question the sufficiency of, the answer and the complaint, been discussed with such fulness and completeness as their importance and difficulty require. The brief of counsel for appellant is mostly devoted to the discussion of questions of practice, while the appellees have no brief. There is another

very strong reason why we should not now examine the questions arising upon the demurrer. Regarding the reply as consisting of four paragraphs, there was no demurrer to the first paragraph. The appellees, by the failure to demur to that, conceded that it constituted a good defence to the answer. There could not be a final judgment rendered against the appellant, while there was one good paragraph of the reply undisposed of by demurrer or trial. We should, therefore, be compelled to reverse the judgment without reference to the questions arising on the demurrer. It seems to us that great injustice would be done to the parties by deciding the case upon the record as it now stands, and that the ends of justice demand that the cause should be remanded, when the pleadings can be amended, and the questions can be fairly and intelligibly presented.

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below to permit an amendment of the pleadings, and for further proceedings in accordance with this opinion.