No. 10,283.

## Thomas v. Goodwine.

Pleading.—Answer.—Demurrer.—In demurring to an answer, under the code (sec. 346, R. S. 1881), the pleader must assign as cause that the answer or paragraph thereof does not state facts sufficient " to constitute a cause of defence."

From the Warren Circuit Court.

J. M. Rabb and C. V. McAdams, for appellant.

J. McCabe and E. F. McCabe, for appellee.

Howk, C. J.—The only errors assigned by the appellant, the plaintiff below, upon the record of this cause, are the following :

" 1st. That the Warren Circuit Court erred in overruling appellant's demurrer to appellee's first paragraph of answer herein.

" 2d. That the court below erred in overruling appellant's demurrer to the second and third paragraphs of appellee's answer."

It is earnestly insisted by appellee's counsel that neither

of the demurrers is sufficient in form to present for decision the sufficiency of the facts stated in either paragraph of the answer to constitute a defence to appellant's action. The demurrer to the first paragraph of answer was for the following cause: "Because said defendant's answer does not state facts sufficient to constitute an *answer* to plaintiff's complaint." In the demurrer to the second and third paragraphs of answer the following cause was assigned: "Because neither of said paragraphs of answer state facts sufficient to constitute an *answer* to plaintiff's complaint."

In section 64 of the civil code of 1852, in force at the time, it was provided as follows: "Where the facts stated in the answer are not sufficient to constitute a cause of defence, the plaintiff may demur to one or more of several defences, under the same rules and regulations as heretofore prescribed for demurring to the complaint. Unless the objection be taken by demurrer, it shall be deemed to be waived." Section 346, R. S. 1881.

It has often been decided by this court that a demurrer to a complaint upon the ground that it did not state facts sufficient to constitute a complaint was not a good assignment of the cause of demurrer, and presented no question for decision. *Pine Civil Township* v. *Huber, etc., Co.*, 83 Ind. 121, and cases cited. So, in *Campbell* v. *Routt*, 42 Ind. 410, it was held that a demurrer to a counter-claim, upon the ground that it did not "state facts enough for a counter-claim," was one not known to the statute, and to be regarded as not raising any question as to the validity of the pleading. It will be seen from the section of the code above quoted, that a demurrer to an answer is governed by the same rules and regulations prescribed for demurring to the complaint. Time and again this court has held demurrers to answers, more conformable to the requirements of the code than those of the appellant in this case, insufficient to call in question the sufficiency of the facts stated in the answer to constitute a cause of defence. *Lane*

v. *State*, 7 Ind. 426; *Tenbrook* v. *Brown*, 17 Ind. 410; *Gordon* v. *Swift*, 39 Ind. 212.

We feel constrained, therefore, by the previous decisions of this court, to sustain the point made by appellee's counsel against the appellant's demurrers, in the case at bar, and to hold that they do not present the question of the sufficiency of the facts stated in either paragraph of answer to constitute a cause of defence.

The judgment is affirmed, with costs.