Hildebrand *et al. v.* McCrum.

Filed March 20, 1885.

---

No. 11,867.

HILDEBRAND ET AL. *v.* McCRUM.

FALSE IMPRISONMENT.—*Pleading.*—A complaint, alleging that the defendants locked the plaintiff up in a room, and by threats of violence, with weapons in hand, compelled him to confess that he had made and violated a certain promise of marriage, and extorted from him an agreement to pay a sum of money for the breach thereof, sufficiently charges false imprisonment.

SAME.—*Res Adjudicata.*—*Breach of Promise.*—In such case, an answer, alleging that an action had been brought by one of the defendants against the plaintiff for a breach of promise of marriage, wherein the matters and things complained of in the present suit had been fully adjudicated and determined, is insufficient, since the matter of the false imprisonment could not have been adjudicated in such former action.

SAME.—*Demurrer.*—*Defect of Form.*—*Harmless Error.*—To such answer, a demurrer, alleging that the same did not "state facts sufficient to constitute a bar to the plaintiff's complaint," can not be sustained over the objection of the defendant. Yet, when it appears that the error in sustaining such a demurrer is harmless, such error will not justify a reversal of the final judgment.

From the Huntington Circuit Court.

*J. L. Farrar* and *L. P. Milligan,* for appellants.

*J. C. Branyan, M. L. Spencer, R. A. Kaufman, W. A. Branyan, B. M. Cobb* and *C. W. Watkins,* for appellee.

BEST, C.—This action was brought by the appellee against the appellants for false imprisonment.

The second paragraph of the complaint, upon which the cause was tried, averred, in substance, that the appellants, John H., George W., William W., Henry, Nancy and Elizabeth Hildebrand and Marshall M. Tidsworth, unlawfully conspired together for the purpose of wrongfully compelling the appellee to admit a promise of marriage with Elizabeth Hildebrand, and thus to extort from him one thousand dollars as damages for breach of such promise; that in pursuance of such conspiracy two of the appellants, brothers of said Elizabeth, called upon the appellee at his house at 10 o'clock P. M. of the 13th day of January, 1883, and informed him that their sister desired to see him at once at their house; that, not suspecting their purpose, he accompanied them to their house, and as soon as he entered the house they locked the doors upon him, called from an adjoining apartment their confederates, and at once charged him with having made and violated such promise, and threatened him with great personal violence, unless he admitted such promise, and would then agree to pay as damages for the breach of such promise

Hildebrand *et al.* *v.* McCrum.

the sum of one thousand dollars; that while one of said appellants had a club drawn over him, and another a pistol drawn upon him, and while he was so imprisoned as aforesaid, he was compelled to and did admit the making of such promise, and then agreed to fulfil the same on the succeeding Monday; that his admission and promise were enforced from him by such threats while he was so imprisoned, all of which was without his consent and to his damage, etc.

This paragraph was clearly sufficient as charging false imprisonment.

The fourth paragraph of the answer alleged, in substance, that Elizabeth Hildebrand instituted an action in the Huntington Circuit Court against the appellee for breach of such marriage contract, and in such case the matters and things in the complaint mentioned were therein fully adjudicated and determined.

This paragraph was insufficient, for the reason that the matters and things in the complaint mentioned could not have been adjudicated in such action. They did not constitute a defence, nor could they have been made available by any mode of pleading. If the plaintiff in such proceeding, in support of her cause of action, relied upon the admission thus alleged to have been obtained, the circumstances under which it was made were admissible in evidence for the purpose of destroying its force. This was the only purpose for which the appellee could employ them, and as he could not recover damages in such action for the alleged wrong, nor recoup them from any damages to which the plaintiff may have been entitled for breach of the alleged agreement, the mere admission of them in evidence did not amount to an adjudication of the alleged wrong.

In addition to this the pleader embraced in this paragraph of answer all the pleadings in such action, and as no defence was interposed other than the general denial, it thus appears that no such matters were in fact involved in the issues. The paragraph was, therefore, insufficient.

The demurrer to this paragraph alleged that the same did not " state facts sufficient to constitute a bar to the plaintiff's complaint," and the appellants insist that it was defective in form, and that, therefore, the court erred in sustaining it. The form of this demurrer can not be sustained for the reasons given in the case of *Thomas* v. *Goodwine,* 88 Ind. 458.

In many cases decided by this court it has been held that where demurrers, defective in form, have been overruled, such objection to the demurrer justified the action of the court in overruling it, and that this court would not disturb the ruling. *Jarvis* v. *Strong,* 8 Ind. 284; *Depuy* v. *Clark,* 12 Ind. 427; *Tenbrook* v. *Brown,* 17 Ind. 410; *Porter* v. *Wilson,* 35 Ind. 348; *Reed* v. *Higgins,* 86 Ind. 143; *Thomas* v. *Goodwine, supra.*

Soon after the adoption of the code a few cases were reversed for an error in sustaining a demurrer, defective in form, to a pleading. *Lane* v. *State,* 7 Ind. 426; *Hutton* v. *Indiana Central R. W. Co.,* 7 Ind. 522; *Dugdale* v. *Culbertson,* 7 Ind. 664.

In neither of these cases, however, was it decided that such error, if harmless, would nevertheless work a reversal of the judgment. Such question was not considered, and so far as we are advised has never been passed upon by this court. Since then the doctrine that a harmless error will not work a reversal of the judgment has been firmly established, and has been applied by this court to every other erroneous ruling which affirmatively appears to have been harmless. An error in sustaining a demurrer, proper in form, to a sufficient pleading, has repeatedly been held not to warrant a reversal of the judgment, where the party was not injured by such ruling. *Porter* v. *Silvers,* 35 Ind. 295; *Wilson* v. *Root,* 43 Ind. 486; *Emmons* v. *Meeker,* 55 Ind. 321; *Fuller* v. *Wright,* 59 Ind. 333.

The principle that supports the rule thus announced ignores the method by which the error was committed, and applies itself to the quality of the act done. If this carries no injury the error is harmless, however committed. Applying this rule to an error committed in sustaining a defective de-

murrer to an insufficient pleading, the conclusion can not be avoided that such ruling was harmless, and, therefore can not work a reversal of the judgment.

This disposes of all the questions discussed, and as there is no error in the record the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at the appellant's costs.

Filed March 20, 1885.