CHARLES H. JORDAN v. JESSE O. WHEELER.

Where a sight draft is drawn at Cincinnati, in the State of Ohio, on drawees at New Orleans, in the State of Louisiana, and indorsed in Texas, the indorser is liable, on presentment and protest for non-payment, for want of funds of the drawer, without previous presentment and protest for non-acceptance.

Where sight drafts are drawn in other States, on drawees at New Orleans, in the State of Louisiana, and are brought to this State without acceptance, and indorsed (between merchant and merchant, in this case) and passed from one to another, (and finally protested for non-payment, of which the indorsers had due notice in this case,) the indorsers here, upon whose credit such bills are received, will be held liable to make them good to the holder, unless the latter had locked them up from circulation or kept them in his possession for an unreasonable length of time, considered in reference to usage and the circumstances of the case.

Jordan v. Wheeler.

Where a sight draft was drawn in Cincinnati, Ohio, on New Orleans, Louisiana, and, without previous acceptance, was indorsed and transferred by the defendant in Western Texas, on the 4th of October, and after several transfers, was received by the plaintiff on the 24th of the same month, and presented by him for acceptance on the 27th of November, and was protested for non-payment, it was held that it was properly left to the jury to decide whether there had been reasonable diligence in presenting the bill, considering the usage of trade, (for which see the statement of the case), and that their verdict (in favor of the plaintiff) was warranted by the evidence.

Appeal from Calhoun. Tried below before the Hon. Fielding Jones.

Suit by appellee, Jesse O. Wheeler, against appellant Charles H. Jordan, commenced December 12th, 1855, on defendant's indorsement of the following bill of exchange.

Ohio, Cincinnati, Sept. 8th, 1854.

Bill of Exchange for $100.

At sight first of exchange (second unpaid) pay to the order of John Mussey, in current funds, one hundred dollars, value received, and charge to account of

GEORGE MILNE & CO.

To Benoirt, Shaw & Co., New Orleans, La.

Said bill had been indorsed to Groesbeck & French, at San Antonio, in this State; by whom it was indorsed to Jordan, the defendant, who resided and did business at Port Lavaca, on the 4th of October; Jordan indorsed it in blank, and transferred it by delivery to H. G. Caldwell, at Indianola, on the 9th of same month; Caldwell transferred it by delivery to one Buck, and Buck transferred it in same manner to plaintiff, at Victoria, where plaintiff resided and did business, on the 24th of the same month. Plaintiff caused said bill to be presented to the drawees for payment on the 27th of November, and the same was protested for non-payment, for want of funds of the drawers; of which all the parties had due notice. The drawers and drawees, and both parties to this suit, were merchants.

Defendant resisted the suit, on the ground that the bill had not been presented for acceptance, and on the ground that the bill had not been presented to the drawees within a reasonable time.

Plaintiff proved that foreign bills of exchange, to a large

amount, were brought into the country and sold here, and passed from hand to hand, and were often used to transmit money to different parts of the State, as well as to other States of the Union; that it was the usage of merchants to keep such drafts, as the one in suit, when they received them in payment for goods, or purchased them, until such time as they needed funds in New Orleans, and then to transmit them for collection; and that they were sometimes kept by one person as long as sixty days; that they were generally taken upon the credit of the indorsers who are residents of the State; and that the usual course of trade, transportation, and the mail, between Cincinnati, in the State of Ohio, where the bill was drawn, and Western Texas, was by way of New Orleans, in the State of Louisiana, where the drawees resided.

Defendant proved that the parties in New Orleans, by whom the bill was presented for plaintiff, were his merchants and agents there; that Victoria, Texas, was the place where plaintiff resided and did business during the months of October and November, 1854; that he received the bill there; that there was, at the time, a semi-weekly mail between Indianola and New Orleans, and a tri-weekly mail between Victoria and Indianola; that the drawees refused to pay the bill because of the failure of the drawers; that news of such failure did not reach the drawees until the 15th of November, 1854; and that the drawees would have paid the bill if it had been presented to them at any time before the said 15th of November.

Defendants asked the Court to instruct the jury, in substance, that it was necessary, in order to hold the defendant, that the bill should have been presented for acceptance before it was presented for payment; and that if the jury believed so and so, from the evidence, reciting the undisputed facts of the case, and the facts proved by defendant, then they should find for the defendant.

The Court refused to give said instructions, but instructed the jury, that if they believed from the testimony, that the draft was transmitted by the plaintiff with reasonable diligence, taking into consideration the course of trade, for presentation; and was not paid upon demand, the defendant would be liable, and they should find for the plaintiff.

Verdict and judgment for the plaintiff for $100. Motion for new trial by defendant overruled, &c.

Groesbeck & French were included as defendants, in the suit

and judgment; but they did not appeal. The defence that suit had not been brought to the first or second Term, under the statute, was filed; but did not become important. The law of Louisiana, as to days of grace, was not proved.

*W. S. Glass,* for appellant. I. By the law merchant, bills of exchange drawn at sight are entitled to the days of grace, and must be presented for acceptance to fix the time of payment. (Story on Bills of Exchange, 273 & 274.) It is the law of Louisiana, where the draft was made payable. (The Commercial Bank of Natchez v. Robt. Perry, 10 Rob. R.) It is also the law of Texas by express statute, (Hart. Dig. Art. 2533,) and by it the liability of the defendant is to be determined. (Raymond v. Holmes, 11 Tex. R. 54.)

II. There is no time fixed within which a bill of exchange, drawn at sight, must be presented for acceptance. The rule is that it must be presented within a reasonable time, and what is a reasonable time must depend upon the circumstances of the particular case. The rule is subject to one qualification; and that is, it must be put in circulation. In this case the plaintiff kept the bill locked up from circulation more than a month, when he had agents in New Orleans, to whom he might have transmitted it for presentment by mail, at any time, in six days. Can it be said that the plaintiff used due diligence to collect the bill, when his failure to forward it by the usual channel of communication caused the protest? It would have been honored if transmitted by the 1st, 2d or 3d mail after he received it. In view of the length of time it had been drawn, and the other facts, I think the delay was unreasonable. To hold the defendant liable under such circumstances, is to destroy all confidence in negotiable paper. (Story on Bills, p. 276.)

*A. S. Cunningham* and *J. J. Holt,* for appellee. We do not believe that bills payable at sight, are required to be presented for acceptance. There is some conflict of authority as to whether or not bills payable at sight are entitled to days of grace. (Chitty on Bills, 409 and 10 and note.) We believe the weight of authority is in favor of such bills being payable on presentation. Days of grace are different at different places, being regulated by positive law or by the usage or custom of the place, and the Court could not judicially know what was the law or usage and custom in the State of Louisiana.

The bill being one which might be put in circulation, not being payable on a particular day, the amended petition was clearly sufficient and the ruling of the Court correct.

II. The only rule established as to bills payable at sight, or at so many days after sight, is, that the holder must present the bill in a reasonable time; that due diligence is the only question, whether the bill be foreign or domestic; and that is a question for the jury to determine. (Chitty on Bills, 302, 3, 4 and note.)

WHEELER, J. With respect to the time when a bill payable at sight should be presented for acceptance, in the absence of any determinate usage of trade, fixing a definite time, the only rule is that it must be presented within a reasonable time. (Chit. on Bills, 247; Story on Bills, Sec. 231.) And what will be a reasonable time must depend upon all the circumstances of each case. (Ib.) "If (says Story) the bill is kept in circulation, and not held by any one holder, through whose hands it passes, an unreasonable time, it seems difficult to assign any particular time in which it ought to be presented for acceptance; in respect to foreign bills, the conveniences, if not the necessities, of trade seem to require, that a very liberal allowance of time, both for the transmission and presentation of bills, should be allowed to every successive holder." (Ib.; 20 Johns. 176, 146; 4 Mass. 336.) In the case of a foreign bill, payable at sight, it has been decided, that it is no laches to put it into circulation before acceptance, and keep it in circulation without acceptance, as long as the convenience of successive holders may require; and it has even been held, that if a bill, drawn at three days' sight, were kept out in that way for a year, this would not be laches. (Chit. on Bills, 275.)

It appears by the evidence, that the bill, in suit, was put in circulation and indorsed by the defendants, without having been presented for acceptance, before it came to the hands of the plaintiff, and that a little more than a month elapsed before he presented it for payment; and that this was according to usage. The usage fully justified the delay that occurred in the presentation of the bill. The purchasers of bills, drawn in other States and thus put in circulation here, receive them on the credit of the indorsers, who put them in circulation in this State; and they ought to be held liable to make them good to the holder, unless he locks them up from circulation, and keeps them in his

possession an unreasonable length of time, considered in reference to usage and the circumstances of the case. It was very properly left to the jury to decide whether there had been reasonable diligence in presenting the bill, considering the usage of trade; and their verdict was well warranted by the evidence. The judgment is affirmed.

Judgment affirmed.