## The Phœnix Insurance Company v. George Gray Administrator, etc.

*Sight draft — presentment of — reasonable time for.* — A draft, payable at sight, should be presented for payment within a reasonable time; and no delay is reasonable beyond that which may be fairly required in the ordinary course of business without special inconvenience to the holder, or by the special circumstances of the case. — 11 *Mich.*, 501.

*Delay of presentment — excuse for.* — Where a debtor turned out to his creditors a draft payable in "Chicago exchange," to be collected and applied on his debt, and the creditors received in payment of it, a sight draft on Chicago, payable in "current funds," which they neglected to present for payment for twenty-one days, when it might have been presented within a few hours; — *Held*, that said delay was unreasonable, and was not excused by the fact that the creditor retained the draft for the purpose of procuring instructions from his debtor as to the funds he should receive in payment.

*Heard April 8.        Decided April 28.*

Error to Wayne Circuit.

The facts sufficiently appear in the opinion of the Court.

*Douglass & Andrews*, for plaintiff in error:

As to the degree of diligence required of the holder of a draft in presenting it for payment, see — *Merritt v. Todd*, 23 *N. Y.*, 28; *Smith v. Janes*, 20 *Wend.* 192; *Allen v. Suydam*, 19 *Wend.*, 368; 20 *do.*, 321; *Mohawk Bank v. Broderick*, 13 *Wend.*, 133; *Straker v. Graham*, 4 *M. & W.*, 721; *Dumont v. Pope*, 7 *Black*, 367; *Brady v. L. M. R. R. Co.*, 34 *Barb.*, 249; *Vantrot v. McCulloch*, 2 *Hilt.*, 272; *Linville v. Welch*, 29 *Miss*, 204; 2 *Archbold's Nisi Prius*, 116, 66.

*Charles I. Walker*, for defendant in error:

Were there any facts in this case tending to show that the holder acted with reasonable diligence so that the question could properly go to the jury?

The Court held on the former hearing that no such facts then appeared, and that the question had really

been submitted to the jury as one of law, and law books read to them to aid them in their conclusion. — 11 *Mich.*, 512.

The peculiar character of the draft, payable in "current funds,"[1] might well raise a question as to the kinds of funds in which it was payable, and make them hesitate as to its disposition. — 1 *Parsons on Notes*, 46 *note*.

They sought the instruction of Allen as they might well do.

Whether the delay of eleven days before writing him a second time was unreasonable, is exactly the question, depending upon judgment and discretion, upon which the jury ought to pass.

Even when the Courts have undertaken to determine this as a matter of law, they have acted upon facts slighter than those proved in this case. — *Muilman v. D'Eguino*, 2 *H. Bl.*, 565 ; *Goupy v. Harden*, 7 *Taunt*. 158 ; *Mellish v. Rawdon*, 9 *Bing.*, 416 ; *Godfrey v. Coulman*, 13 *Moore*, *P. C. C.*, 11, cited in 24 *Law Rep.*, 683 ; *Robinson v. Ames*, 20 *John*, 150 ; *Gowan v. Jackson*, 20 *John.*, 175 ; *Aymar v. Beers*, 7 *Cowen*. 705 ; *Wallace v. Agry*, 4 *Mason*, 336 ; 5 *Mason*, 118 ; *Bolton v. Harrod*, 4 *Martin La.*, 555.

CAMPBELL J.:

This case was before us and decided upon points resembling those now under consideration in *Phœnix Insurance Company v. Allen*, 11 *Mich. R.*, 501. It was there held that retaining a draft on Chicago which had been received upon a claim for twenty-one days without taking any steps to collect or realize it, was, unless excused, an unreasonable delay whereby the holder must be deemed to have made it his own, and barred his remedy upon the claim itself.

The case now comes up on a state of facts introduced in evidence to account for the delay, and which as pre-

sented by the plaintiff below, is as follows:  Allen, who resided at Grand Rapids, having a disputed claim against the Phœnix Insurance Company upon a fire policy, agreed to take in settlement a draft on the Company's agent at Cincinnati, payable in "Chicago exchange," for $1106$\frac{25}{100}$.  This draft, dated April 20, 1861, he endorsed to the firm of Stephens & Beatty, of Detroit, who agreed to collect it and apply the proceeds as far as necessary to the payment of a debt of between $400 and $500, due them by Allen, and account to him for the rest.

Stephens & Beatty, sent the draft to their agents at Cincinnati, who received for it a bill on Chicago drawn by G. H. Bussing & Co., payable "in current funds" to the order of R. H. & H. M. Magill, General Agents of the Phœnix Insurance Company, and endorsed by them. This last bill on Chicago was received by Stephens & Beatty on the 3d or 4th of May, and transmitted by them to their agents in Chicago on the 25th of May.  On the 27th it was presented and dishonored, and due notice was given to the endorsers.  During all this time there were daily mails from Detroit to Grand Rapids and Chicago, the usual time being to the former place about seven hours, and to the latter about twelve or thirteen hours.

To explain the delay in the transmission of the bill for presentment, evidence was introduced to show that Stephens & Beatty, on the 4th day of May, wrote to Allen asking him what to do with the bill.  Receiving no reply they wrote again on the 15th or 16th, and again on the 20th.  To the letter of the 15th or 16th Allen replied that he would write in a day or two.  In reply to the last letter he wrote desiring the holders to demand payment in such currency as the Merchants' Loan and Trust Company of Chicago would receive on deposit, and to deposit there and take a certificate; and

if not paid in such funds to have it protested. Upon receiving this letter Stephens & Beatty forwarded the bill for presentment as before mentioned. The Court, under exceptions, left the case on these facts to the jury, as a question of fact to be decided by them, and refused to charge as requested that the presentment was not made within a reasonable time if these facts were as claimed.

We held, upon the former hearing of this case, that no delay was reasonable beyond that which might be fairly required in the ordinary course of business, without special inconvenience to the holder, or by the special circumstances of the case. It devolved upon the plaintiff in error to show that the delay was required by special circumstances which rendered it impossible to act earlier, without damage or inconvenience beyond such as would be incident to the ordinary course of business. We think the evidence offered had no tendency to establish any such excuse. The original draft called for "Chicago exchange," and Stephens & Beatty were to collect and apply the proceeds. If the fact that the term "current funds" was used, rendered it less available — a point upon which there is no distinct proof — that might have been a reason for not taking it at all, but could be no reason for delaying presentment after it was taken, and in this respect we must consider the duty of the parties as unaffected by the peculiarity. Being the lawful holders, and having the paper on purpose for collection, we can see no reason whatever why time should be taken for corresponding with Allen, when neither party could change the character of the bill, which was collectable, according to its terms, and should have been presented promptly. There is no evidence of any change in the course of business, or sickness, or accident, or other disturbing circumstance. Whatever may have been the meaning of the phrase "current funds,"

it meant the same when the bill was drawn as when it was presented, and the holders, by receiving it, undertook to deal with it as it appeared on its face. There is no circumstance in the case which would have excused a delay in presenting any other kind of draft, and none which rendered it any more proper in regard to this. When the Insurance Company gave to Stephens & Beatty such paper as they were willing to accept, they could not afterwards claim any delay as necessary, merely because the bill differed in its terms from some other classes of negotiable paper. It was as easy to forward and collect the one as the other.

The Court erred in refusing the request prayed for by the plaintiff in error. Judgment must be reversed with costs, and a new trial granted.

The other Justices concurred.