*T. S. Walterhouse* and *C. W. Moore* for appellee.

---

KEMP *v.* MITCHELL and Another.

DEMURRER.—A demurrer to a complaint upon the ground that the same "is not sufficient in law to entitle the plaintiff to the relief demanded," raises no question whatever, and, under the code, must be overruled.

COMPLAINT FOR REVIEW.—A complaint which neither alleges error of law occurring at the trial, nor material new matter discovered since the rendition of the judgment, is not a complaint for review.

COMPLAINT.—JURISDICTION.—A complaint which is a mere application to set aside a judgment, and to be allowed to defend, is not an original suit which may be brought, as provided by statute, in the Circuit Court, where the judge of the Court of Common Pleas is interested; but it is an application which must be made to the court which rendered the judgment.

PRACTICE.—Such an application comes under the ninety-ninth section of the code, and is summary, requiring no complaint.

APPEAL from the *Morgan* Circuit Court.

FRAZER, C. J.—This case was commenced by the appellant in the Circuit Court. His complaint alleges that the appellees, in *October,* 1863, obtained in the Court of Common Pleas a judgment against him by default for $1,785, together with a decree directing the sale of certain real estate to satisfy the same, which was alleged and found to be for purchase money of the same lands sold by the *Mitchells* to the present plaintiff, and was adjudged to be a vendor's lien thereon, and to be satisfied as such. The present complaint admits the indebtedness, but alleges that it was for borrowed money, and that the land was conveyed to the *Mitchells* merely as security for the loan, and that the averments upon which the judgment in favor of the *Mitchells* was rendered concerning a sale of the land to him were false, and, in general terms, that that judgment was obtained by fraud. He further avers, though there was a summons by copy, that he had "no notice or information" of the pendency of the suit until long after the judgment was rendered, and that he has a good defense, and that the present judge of the Common Pleas was the attorney for the *Mitchells* in obtaining the judgment. The prayer is that the judgment be opened, and he be allowed to defend, and for all other proper relief.

A demurrer to the complaint, assigning for causes: 1. That the Circuit Court had no jurisdiction; and 2. that the same is not sufficient in law to entitle the plaintiff to the relief demanded, was sustained, and upon that ruling error is assigned.

The second cause of demurrer raises no question whatever; it is unknown to our laws, and the code is plain that a demurrer assigning only such a cause must be overruled. 2 G. & H., § 50, p. 77. The plaintiff may, upon the facts averred, be entitled to relief not demanded, but that question cannot be made by demurrer.

The other question, that of jurisdiction, will be decided for the appellee. The complaint is not, as it seems to be regarded, for a review. It has not a single essential characteristic of a complaint for review. It neither alleges error of law appearing in the record, nor material new matter discovered since the rendition of the judgment. These are the only grounds for a review. 2 G. & H. § 587, p. 280. It is a mere application to set aside a default and judgment, and to be allowed to defend. It is not an original suit which may be brought, as provided by statute, (2 G. & H., § 9, p. 21,) in the Circuit Court, where the judge of the Common Pleas is interested, but it is an application which must be made to the court which rendered the judgment. It comes, we think, under the ninety-ninth section of the code, and is summary, requiring no complaint. The action of the court below accomplished the right result, and the judgment must therefore be affirmed, with costs.

*W. R. Harrison* and *W. S. Shirley*, for appellant.

*J. V. Mitchell*, for appellees.

---

## PATTISON *v.* NORRIS.

PROMISSORY NOTES.—RATIFICATION.—To a suit upon a due bill, signed by the name of a copartnership, one of the defendants answered, under oath, denying the execution of the instrument. Reply, that after the execution of the instrument, the defendant ratified the act of his partner in signing it in the copartnership name.

*Held,* that the reply was good, on demurrer.

EVIDENCE.—COMPROMISE.—Evidence by the plaintiff tending to show that the defendant made no objection to the signature when the paper was presented to him, and that he offered to compromise the debt, was held not to be rendered inadmissible by the fact that the offer was made in an effort to compromise admitted debts, on the ground that defendant was not able to pay in full.

DEFAULT.—MOTION TO SET ASIDE.—Where, upon the application of one of several defendants, against whom judgment had been entered by default, the judgment was set aside as to him, it was held that the judgment as to the others was not vacated, and that after trial and judgment against him, he could not object that the judgment was not joint.

SAME.—PRACTICE.—It would be a better practice, in such cases, to hold the judgment subject to the result of the defense.

APPEAL from the *Franklin* Common Pleas.

RAY, J.—The appellee obtained judgment by default against the appellant and one *Cullum*, as surviving partners of the firm of *Shoup, Cullum & Co.* The suit was upon a due bill signed in the firm name.

At the same term of court at which the default and judgment had been entered, *Pattison* asked leave to file a motion to set aside the default as to him, and filed affidavits in support of the motion. The court sustained the motion of *Pattison*, and ordered the default and judgment to be set aside and vacated, "and that said defendant be permitted to appear and plead herein."

*Pattison* thereupon filed an answer, under oath, denying the execution of the due-bill, or that any such firm as *Shoup, Cullum & Co.* existed at the date said due-bill was signed. Reply in denial, and a paragraph averring subsequent ratification and confirmation of the act of his partner in giving the due bill. A demurrer was overruled to the second paragraph. We see no objection to this action of the court.

On the trial, there was evidence from which an original authority to execute the due bill in the firm name might be very fairly inferred. Thus, the appellee and his son testify that *Pattison* made no objection to the execution when the note was exhibited to him, but offered to purchase it. It is insisted that such evidence is not admissible, because it is

*W. Morrow, R. M. Goodwin* and *W. H. Hay,* for appellant.
*L. Sexton,* for appellee.