———————o———————

ALLEN *v.* JERAULD.

PARTIES.—*Defect of.*—*Demurrer.*—Answer by way of set-off, alleging, "that before the commencement of this action the plaintiff was, and still is, indebted to the defendant on an account before that time assigned to him in writing by" a third person named but not made a party; copies of the account and assignment being filed therewith.

*Held*, that the answer was bad on demurrer expressed in the statutory form, for a defect of parties defendants.

APPEAL from the Gibson Common Pleas.

RAY, J.—Complaint by appellee on a promissory note executed by appellant.

Answer in three paragraphs.

1. In denial.

2. Set-off, as follows: "That when this action was commenced, the plaintiff was, and still is, indebted to defendant, on an account, before that time assigned to him in writing by one Sherlow;" copies of the account and assignment being filed therewith.

3. Additional set-off, as follows: "That before the commencement of this action, plaintiff was, and still is, indebted to defendant in a further sum, on an account before that

time assigned to him in writing by said Sherlow;" setting out copies of the account and assignment, and offering to set off the amount due the plaintiff, and asking judgment for the residue.

Demurrers to the second and third paragraphs of the answer were sustained. The grounds of the demurrers were: first, that said paragraphs did not state facts sufficient to constitute a defense to the plaintiff's action; second, that said paragraphs show a defect of parties defendants.

It is objected, that the demurrer for defect of parties defendants does not point out the defect and name the parties who should have been joined. This demurrer is in the statutory form, and as the code expressly requires the assignor of an account to be joined as defendant in the action, and as the name of the assignor appears in the answer and bill of particulars, we do not regard it as proper to reverse the action of the court below where it has taken notice of the defect apparent on the face of the answer and sustained the demurrer.

The judgment is affirmed, with five per cent. damages and costs.

*W. M. Land,* for appellant.

*D. F. Embree,* for appellee.