GORDON ET AL. *v.* SWIFT.

PLEADING.—*Demurrer.*—A demurrer to an answer, assigning for cause, that the answer, "as a defence to plaintiff's cause of action, is not sufficient in law," is bad under the statute.

APPEAL from the Floyd Circuit Court.

DOWNEY, J.—The appellee sued the appellants, alleging in his complaint that John Gordon, Sr., John Gordon, Jr., and

Helen L. Gordon executed to him a promissory note, and that John Gordon, Jr., and Helen L. Gordon executed to him a mortgage on certain real estate to secure the payment of the note. There was a prayer for judgment for four thousand dollars, the foreclosure of the mortgage, and for judgment against John Gordon, Sr., and John Gordon, Jr., for any amount not made by the sale of the mortgaged premises. One Ferstegge was made a defendant, because he had, or claimed to have, a lien on or claim to the mortgaged premises, acquired by him subsequent to that of the plaintiff.

The defendants all united in an answer to these paragraphs, and John Gordon, Sr., and John Gordon, Jr., pleaded an additional paragraph of answer, in which the other defendants did not join.

The first paragraph set up a counter claim, growing out of an alleged warranty of the personal property, the sale and delivery of which were the consideration of the note on which the suit was brought, and a breach of such warranty, by which it was alleged there had been a failure of the consideration of the note in part.

The second paragraph alleged a want of consideration.

The third paragraph was like the first, with this difference, that it set out a written warranty of the goods.

The fourth, which was pleaded by the two Gordons, relied upon a set-off growing out of the breach of the same warranty.

The plaintiff demurred to the first, third, and fourth paragraphs of the answer. The cause assigned in the demurrer to the first paragraph was, "that the said paragraph is not a sufficient defence in law to plaintiff's complaint."

The cause assigned in the demurrer to the third paragraph is, "that the said third paragraph, as a defence to plaintiff's cause of action, is not sufficient in law."

And the cause assigned in the demurrer to the fourth paragraph of the answer is, "that the said fourth paragraph, as a defence to plaintiff's cause of action, is not sufficient in law."

The court sustained the demurrers, and the defendants excepted.   A reply in denial of the second paragraph was filed, and there was a trial of the cause by the court, and finding and judgment for the plaintiff.

The errors assigned are, the sustaining of the demurrers to the first, third, and fourth paragraphs of the answer.

It is urged by counsel for the appellee, that the answers were bad, for the reason that the property for which the note was given was sold by the appellee to the firm of Gordons and Martin; that the note was executed by John Gordon, Sr., and John Gordon, Jr., two members of that firm, and Helen L. Gordon, as their surety, and that the appellants could not set up the warranty and breach of it, because the damages or right of action therefor belonged to the firm of Gordons and Martin, and not to these defendants, or to John Gordon, Sr., and John Gordon, Jr.

Upon examination of the causes of demurrer, as they appear in the record and are above set out, we do not find that there was any objection made on account of a defect of parties.   See *Allen* v. *Jerauld*, 31 Ind. 372.   Indeed, we think none of the demurrers set out any legal cause or ground of demurrer.   They state none of the causes enumerated in the code for demurring.   See *Kemp* v. *Mitchell*, 29 Ind. 163; *The Cincinnati, etc., R. R. Co.* v. *Washburn*, 25 Ind. 259; *Tenbrook* v. *Brown*, 17 Ind. 410; *Hicks* v. *Reigle*, 32 Ind. 360.

The court should have overruled the demurrers, because they did not assign any of the statutory causes for demurring.   2 G. & H. 77, sec. 50.

The judgment is reversed, with costs, and the cause remanded, with instructions to overrule the demurrers, and for further proceedings.

*G. V. Howk* and *W. W. Tuley*, for appellants.

*D. C. Anthony*, for appellee.