W. J. PARKER *v.* J. M. REDDICK.

1. CHECK OR BILL OF EXCHANGE. *Payable on demand, when.    Presentment. Reasonable time.*

Either a bank check or a bill of exchange, in which no time for payment is named, is payable on demand, and must be presented for payment within a reasonable time.    What constitutes such reasonable time, is a question of law to be determined by the court.

·2. SAME. *Circulation thereof.    Effect as to presentment.*

And while such instrument may be put into circulation, its ultimate presentment for payment cannot be delayed by successive transfers thereof, beyond such time as is reasonably required in the ordinary course of business, for its presentation for payment, except in special and exceptional circumstances.

3. SAME. *Presentment for payment.    Reasonableness of time.    Case in judgment.*

Where an instrument drawn at Grenada, Miss., on September 22, and then and there endorsed by P., the payee, to one R: in Florida, and thereafter several times again transferred by endorsement, and not presented for· payment in New York city, the place of payment, until October 21, next following the date thereof, the endorser, P., is discharged from liability by such delay and negligence, payment having been refused by the drawees, if the instrument be regarded as a check; and both the endorser and drawer are discharged if it be regarded as a bill of exchange.

APPEAL from the Circuit Court of Grenada County.

HON. A. T. ROANE, Judge.

On Sept. 22, 1884, W: J. Parker bought from Snider & Son an instrument as follows :

"BANKING HOUSE OF M. C. SNIDER & SON,
GRENADA.

GRENADA, MISS., September 22, 1884.
$200.00.
Pay to the order of W. J. Parker, two hundred dollars.
J. B. SNIDER, *Cashier.*

To Latham, Alexander & Co., New York, N. Y.
No. 50,665."

On the same day Parker endorsed this instrument and forwarded it to F. M. Lamon, Brooksville, Florida. On October 1, 1884, Lamon endorsed it to J. M. Reddick. On Oct. 3, 1884, Reddick endorsed it to A. N. Chelf. On Oct. 13, 1884, Chelf endorsed it to Hancock & Edrington, who endorsed it to Witz, Biddle & Co., who endorsed it to the Union Bank of Baltimore, who endorsed it to the "Republic" Bank of New York, who, on Oct. 21, 1884, presented the same for payment, which was refused on the ground that Snider & Son had no funds in the hands of the drawees. The instrument was duly protested, and notice was forwarded to the endorser Parker, at Grenada, Miss., and also to the other several endorsers. All the indorsees of the paper in question resided in the town of Brooksville, Florida, except Witz, Biddle & Co., and the two banks referred to; and it was held in that town until the endorsement to Witz, Biddle & Co., who resided in Baltimore, Maryland. There were daily mails from Brooksville by which a letter could reach New York in five days.

J. M. Reddick, one of the endorsers as well as an endorsee, after having paid the amount of the check or bill of exchange to his endorsee, brought this action against J. B. Snider, surviving partner of Snider & Son, and W. J. Parker, to recover the value of said instrument.

On the first trial the jury found for the defendants. This verdict was set aside by the Court. On the second trial the jury found for the plaintiff. The defendant, Parker, appealed from the judgment of the Court.

*W. C. McLean,* for the appellant.

1. In the case of bankers' checks payable on demand, it is manifest that immediate payment is contemplated. If the

party resides in a city other than the one in which the Bank is, the check must be forwarded on the same day, or at farthest on the second day after it is received, if there be daily mails between the places. This is settled law. Morse on Banking, 2d ed., p.　; Dan. on Nego. Ins., Vol. 2, Section 1590, *et seq.;* Story on Prom. Notes (6th ed.), Sections 493–4.

Can it with reason and justice to Parker be said that the parties held the bill but a reasonable time ?

From September 27th, when Lamon received it, until October 17th, when Hancock and Edrington forwarded it by mail to Baltimore, there was a period of twenty-one days during which the bill remained in a town having daily mails. Why the delay ?

2. So far as Parker is concerned, it is settled that it passing through the said several parties hands, is the same as if only one party held the bill from September 27th till October 17th. See Morse on Banking, 2d ed., p.　; Chitty on Bills, top pages 430, 431 ; Story on Prom. Notes, Sec. 494.

3. The rules applicable to delay in notice of non-payment will in general apply, and with more force to delay in due demand of payment. Byles on Bills, 7th ed. (Sharswood), side page, 213 ; *Smith* v. *Jones,* 20 Wendell, p. 192 ; *Strong et al.* v. *King,* 35 Illinois, page 18.

In *Phœnix Insurance Co.* v. *Allen,* 11 Mich., page 501, and the same case in 13 Mich., page 192, a delay of twenty-one days in presenting foreign sight bills for payment was laches. Chitty on Bills, top page 430, side pages 380, 381.

In *Vantrot* v. *McCulloch,* 2 Hilton (N. Y.), p. 274, a demand bill drawn in Ohio upon New York was held nine or ten days, the drawer failing two days before; it was held laches and the drawer discharged; and again, in *Brady* v. *Little Miami R. R. Co.,* 34 Barb. (N. Y.), p. 251, it was held that a delay of *four* days in presenting bill drawn in Ohio upon New York was fatal, and discharged the drawer. Many other authorities from New York and other States could be cited of like effect; but the two New York cases above cited are *decisive* and *controlling,* however the authorities of other States may be; *because it is the well established rule that the law of the place of payment*

*governs as to the time of payment.* Peirce v. *Indseth*, 106 U. S., 549; *Aymar* v. *Sheldon*, 12 Wendell, page 459 (s. c. 27, Am. Dec., pages 139-141).

A. H. *Whitfield*, for the appellee.

Counsel for appellant argues that the bill was not presented within a reasonable time. This *foreign bill of exchange* is not to be treated as a bank check. A bill drawn here on a party in New York may be indorsed from hand to hand, put into circulation—used as money—when payable, too, on demand. Story on Bills, § 231, n. 2 at p. 255; § 344 and n. 4. I call the court's special attention to this citation of n. 2, p. 255. And a *month* is not an unreasonable time for one endorser to hold it before endorsing it to the next. 1 American Leading Cases, p. 425; and *months* may elapse before presentment for payment and yet there be no negligence. 1 Daniel Neg. Inst., § 470 and n. 5, and § 471; *Wallace* v. *Agry*, 4 Mason, 336; *Robinson* v. *Ames*, 20 John., 146; *Gowan* v. *Jackson*, 20 Johnson, 176; 1 Dan. Neg. Inst., § 472; *Montelius* v. *Charles*, 76 Ill., 305; *Bridgeport Bank* v. *Dyer*, 19 Conn., 136; Story on Bills, § 254. And more liberal time is allowed on foreign bills than on inland bills. Story on Bills, § 231; 2 Peters, 586.

A bill like this is governed by wholly different rules as to the time within which it shall be presented and in other respects, from those applicable to a check. 2 Daniel Neg. Inst., p. 520, where the author says: " And a check unlike a bill of exchange . . . . is generally designed for immediate payment and *not for circulation.*"

The whole of counsel's argument, and every case he cites, are wholly irrelevant in a case where the paper is not a check, but a foreign bill of exchange.

ARNOLD, J., delivered the opinion of the Court.

It is uncertain from the evidence whether the drawees of the instrument upon which appellants were sued were bankers or not; but whether the paper be called a check or bill of exchange, it expressed no time for payment, and was, therefore, payable on demand. A bill or check, payable on demand, must be presented for payment within a reasonable time. What con-

stitutes reasonable time in such case, is a question of law to be determined by the court, when the facts are ascertained. *Baskerville* v. *Harris*, 41 Miss., 535.

No delay in making presentment of paper payable on demand, can be termed reasonable, if it is more than is fairly required, in the ordinary course of business, without special inconvenience to the holder, or by the special circumstances of the case. *Phœnix Ins. Co.* v. *Gray*, 13 Mich., 191. Such paper contemplates immediate payment. It cannot be said that it is intended for circulation. One who holds a bill or check payable on demand, beyond the time necessary, in the usual course of business, for its presentation for payment, does so at his peril. The general rule, derived from the authorities, but subject to modification by special circumstances, is, that if the drawee of such paper, resides in a different place from that in which it is drawn, and the instrument must be sent by mail for presentment, it must be mailed on the day next after that on which it was received by the holder. 1 Daniel on Neg. Insts., Sec. 605 ; 2 Id., Secs. 1586, 1592 ; Byles on Bills, 7th Am. Ed., 211, 212, 213 ; Chitty on Bills, 13th Am. Ed., 433 ; *Fortner* v. *Parham*, 2 S. & M., 151.

Paper payable on demand, while not commonly intended for that purpose, may be put into circulation ; but its ultimate presentment for payment cannot be delayed beyond a reasonable time, by transfer or successive transfers, any more than it can by being locked up, or held an unreasonable time, by the first or any subsequent holder. *Chitty on Bills*, 13th Am. ed., 430 ; 2 *Daniel on Neg. Insts.*, sec. 1595 ; *Story on Prom. Notes*, sec. 494.

If the paper sued on be regarded as a bill, the drawer, as well as the indorsers, would be discharged by the negligence and delay in respect to the presentment ; but, if a check, indorsers would be discharged by such laches, while the drawer would not, unless he could show that he was injured by the default. He would be entitled only to such presentment and notice as would save him from loss. 2 *Daniel on Neg. Insts.*, sec. 1587.

No excuse is shown by the record for the delay which intervened in presenting the paper in question for payment, and the loss thereby occasioned cannot be imposed on the indorser, Par-

ker.  As to him, the last verdict was contrary to the law and
the evidence.  The court below erred in instructing the jury
that the presentment was made within a reasonable time, and in
refusing to instruct the jury to the contrary.  The judgment is
affirmed as to the drawer, Snider, who made no defence below
and assigns no error here ; but it is reversed as to the indorser,
Parker, and the last verdict as to him is set aside, and the first
verdict as to him is restored, and judgment rendered thereon,
here, in his favor.