Angaletos *v.* The Meridian National Bank of Indianapolis.

Filed May 11, 1892.

---

No. 421.

ANGALETOS *v.* THE MERIDIAN NATIONAL BANK OF INDIANAPOLIS.

DEMURRER.—*Answer.*—*Form of as to.*—*Not Sufficient to "Bar" Action.*—A demurrer that the answer does not state facts sufficient " to bar the plaintiff's action" is defective, and presents no question as to the sufficiency of such answer.

SAME.—*Form.*—*Must Fulfill Statutory Requirements.*—A demurrer must substantially fulfill the statutory requirements or it will not be error to overrule it.

BILLS OF EXCHANGE.—*Bill Payable on Demand.*—*Character of.*—*Foreign Bill.*

Angaletos v. The Meridian National Bank of Indianapolis.

—A bill of exchange, payable on demand, is in the nature of a bank check, and is intended to be paid without delay, having in view the reasonable convenience of the holder; and this rule applies to a bill payable in a foreign country.

SAME.—*Negotiability.—Circulation of.*—Bills of exchange, payable on demand, are negotiable, though not intended for general circulation, and may be put into the arteries of trade and supply commerce with aliment in the journey to their destination.

SAME.—*Putting into Circulation.—Holder Must Without Unreasonable Delay.*— The holder of a bill of exchange is bound to put it into circulation without unreasonable delay or forward it to the drawee for acceptance or payment, as the case may be.

SAME.—*A Year's Delay in Circulation.*—If a foreign bill of exchange, payable on time, is kept in circulation for a year or even more, such delay in presenting it will not discharge the drawer.

SAME.—*Burden to Show Excuse for Delay in Presenting for Payment.*—The burden is on the holder of a bill of exchange, where its presentment has been delayed, to show an excuse for such delay.

SAME.—*Memorandum Attached to Bill.— When does not Show Excuse for Delay.* —A memorandum attached to a bill of exchange, stating the names of the drawer, the drawee, the payee, the amount and date, and that a duplicate would be issued after six months if the original be lost, does not show an excuse for an unreasonable delay in presenting it for payment.

SAME.—*Issuing Foreign Bills in Sets.— Object of.— Payment of one, Payment of all the Set.*—The issuance of a foreign bill of exchange in a set of three is to guard against accidental delay in the mails and to insure safe transmission ; and the whole set constitutes one bill, and the discharge of any one of the three discharges all of them.

SAME.—*Delay in Presenting Original.—Issuance of Duplicate.*—Delay in presenting the original of a foreign bill of exchange for payment will not be excused by reason of the fact that such bill is issued in duplicate, and delay in presenting the original will relieve the drawer from liability on the duplicate.

SAME.—*Delay Discharging Drawer.—Drawee Still Liable.*—A delay which discharges the drawer does not necessarily discharge the drawee, if the latter has funds of the drawer in his hands against which the bill was drawn.

From the Marion Superior Court.

*J. Buchanan,* for appellant.

*O. B. Jameson,* for appellee.

CRUMPACKER, J.—Angaletos sued the bank upon two drafts drawn by the latter in favor of Anast B. Poulon,

upon the American Exchange, at London, England. It is alleged in the complaint that plaintiff purchased the drafts for Poulon, and that they were presented for payment in the due course of business, but payment was refused, and they were protested, and notice thereof was given the defendant; that plaintiff had been compelled to pay the drafts to the holder, although it is not alleged that he ever endorsed them.

An answer was filed consisting of seven paragraphs, to which a demurrer was filed in the form following : " The plaintiff demurs separately to the second, third, fourth, fifth, sixth and seventh paragraphs of the defendant's answer herein, and shows : *First.* That neither of said paragraphs of answer states facts sufficient to bar the plaintiff's action." The demurrer was overruled and the cause was put at issue and tried by the court, and resulted in a finding and judgment for the defendant.

The first question raised by the appeal relates to the ruling upon the demurrer to the answer. Counsel for appellee makes the point that the demurrer is insufficient to raise any question, and in this view we are compelled to concur. The code provides but one cause of demurrer to an answer, viz : that it does not state facts " sufficient to constitute a cause of defence." Section 346, R. S. 1881 ; *Harrison School Tp.* v. *McGregor*, 96 Ind. 185.

It has been repeatedly held that a demurrer must substantially fulfill the statutory requirements or it will not be error to overrule it. *Lane* v. *State*, 7 Ind. 426 ; *Gordon* v. *Swift*, 39 Ind. 212 ; *Thomas* v. *Goodwine*, 88 Ind. 458 ; *State, ex rel.,* v. *Younts*, 89 Ind. 313 ; *Hildebrand* v. *McCrum*, 101 Ind. 61.

In the case last cited a demurrer alleging that the answer did " not state facts sufficient to constitute a *bar* to the plaintiff's complaint," was adjudged insufficient. Under these authorities the demurrer in question must be disregarded.

It is next insisted that the finding is not supported by the evidence. It was shown at the trial that one of the drafts in suit was issued by appellee upon the 7th day of December, 1887, and was of the tenor following:

" Exchange for £51.      INDIANAPOLIS, Dec. 7th, 1887.

" On demand of this original draft (duplicate unpaid), please pay to the order of Anast B. Poulon the sum of fifty-one pounds sterling.

" To American Exchange in London, Ltd.,   .

449 Strand, London, Eng.      A. F. Kopp, Cashier."

Accompanying the draft was the following memorandum:

" Give to the purchase of draft memorandum of issue of demand draft No. 050508, date Indianapolis, Dec. 1, '87, amount £51, on A. E., in Europe, Ltd., at London, payable to Anast B. Poulon. Purchaser George Angaletos received for above draft $248.37 (420 B).

"A. F. KOPP, Cashier.

" If the draft, of which this is a memorandum, be lost or otherwise destroyed and not presented for payment within six months from date of issue, and if satisfactory evidence be given of same, a duplicate draft may be issued in lieu thereof."

On the 16th day of March, 1888, the other draft sued upon was issued by appellee to the same party, upon the same terms as the one set out, for the sum of £60, and was accompanied by a memorandum the same as that above given. These drafts were presented for payment on the 12th day of May, 1888, and payment was refused on account of the drawee having suspended, and they were duly protested. The drafts, memoranda and certificates of protest were introduced in evidence, but the only evidence of notice to appellee of the dishonor or protest of the instruments was what might be inferred from the following letter by the cashier to appellant:

Angaletos *v.* The Meridian National Bank of Indianapolis.

"INDIANAPOLIS, July 7th, 1888.

"George Angaletos, Alleghany, Pa.:

"DEAR SIR—Your favor of the 3d inst. received and noted. If due diligence had been used in the matter, your drafts would have been paid—if the checks had been presented in a reasonable time. If the bank in London ever pays anything you may probably get something.                Respectfully yours,

"A. F. KOPP, Cashier."

There was also evidence showing that it required about ten days in the usual course for an item of mail to go from Indianapolis to London. There was no evidence that the drafts had been in circulation, and their presentment delayed on that account, except there appear two endorsements upon the back of each in a foreign tongue, of which the record contains no translation.

Demand bills of the character of those in question are much in the nature of bank checks, and are intended to be paid without any delay, having in view the reasonable convenience of the holders. *Bull* v. *Bank of Kasson,* 123 U. S. 105; *Dumont* v. *Pope,* 7 Blackf. 367; *Phœnix Ins. Co.* v. *Gray,* 13 Mich. 191; *Walsh* v. *Dart,* 23 Wis. 334; *Parker* v. *Reddick,* 65 Miss. 242; Daniel Neg. Inst., sections 605 and 1587; Byles Bills, p. 215.

Such drafts are negotiable, and though not intended for general circulation, they may be put into the arteries of trade and supply commerce with aliment in the journey to their destination. It was said by the court in *Parker* v. *Reddick, supra*: "Paper payable on demand, while not commonly intended for that purpose, may be put into circulation, but its ultimate presentment for payment can not be delayed beyond a reasonable time by transfer or successive transfers any more than it can by being locked up or held an unreasonable time by the first or any subsequent holder." Ordinary bills of exchange, issued upon

time, are calculated for circulation and are an important factor in the commerce of the country. The holder of such paper is bound to put it into circulation without unreasonable delay or forward it to the drawee for acceptance or payment, as the case may be, but if it is kept in circulation, a delay of a year or more in its presentment will not discharge the drawer. *Goupy* v. *Harden*, 7 Taunt. 159; *Mullick* v. *Rodakissen*, 28 Eng. L. and Eq. R. 86; *Salisbury* v. *Renick*, 44 Mo. 554; *Wallace* v. *Agry*, 4 Mason, 336; *Robinson* v. *Ames*, 20 Johns. 146; *Thornburg* v. *Emmons*, 23 W. Va. 325; *Jordan* v. *Wheeler*, 20 Tex. 698; *Montelius* v. *Charles*, 76 Ill. 303.

In the case before us there was no evidence that the paper was in circulation, and the burden being with appellant to show diligence, the finding of the trial court that the holder was guilty of laches in presenting it for payment must be upheld unless there is something in the memoranda, as claimed by counsel for appellant, to take the paper out of the ordinary rule. The argument is that the memorandum issued with each draft should be construed as part of it, and the provision for the issuance of a duplicate after six months, if the original were lost or destroyed without presentation for payment, is substantive and gives the holder unqualifiedly six months in which to present the paper. Ordinarily, foreign bills are issued in sets of three, called first, second and third of exchange, in order to guard against accidental delays in the mails and to insure safe transmission. The whole set constitutes one bill, and the discharge of any one discharges all. In this case but one was issued, designated the "original." The only effect of the memoranda was to provide for issuing duplicates under certain contingencies, and they contained *data* for that purpose. They do not assume to change or qualify the argreement imported into the contract by legal implication, that the holder should present the paper for payment within a reasona-

ble time.    The laches of the holder in presenting the original would discharge the drawer respecting the duplicate regardless of the time of its issue.    *Benton* v. *Martin,* 40 N. Y. 345.

Notwithstanding the drawer may have been discharged by the laches of the holder, the latter would still have his right against the drawee, and upon the happening of the contingencies named in the memoranda would be entitled to the duplicates to enable him to assert that right.    Our conclusion is that the memoranda contain nothing to relieve appellant from the result of the delay in presenting the paper.    This conclusion renders it unnecessary to discuss the question of notice.

The judgment is affirmed.

Filed May 13, 1892.