Filed Oct. 30, 1894.

---

No. 1,316.

## WADE ET AL. *v.* HUBER.

DEMURRER.—*Defective in Form.—Statutory Cause.—Reversible Error.*—The following demurrer: "The plaintiff demurs to the second paragraph of defendant's * * answer, and for grounds of demurrer says that said answer does not state facts sufficient to constitute a good answer," is defective in form, and does not state a statutory cause for demurrer.

From the Posey Circuit Court.

*W. P. Edson* and *J. M. Edson*, for appellants.
*E. M. Spencer*, for appellee.

Ross, J.—The only question argued by counsel for appellant is whether or not a paper filed by the appellee, and denominated a demurrer, is sufficient in form and substance to constitute a demurrer. It was filed as a demurrer to the separate answer of the appellant Leroy M. Wade, and was sustained by the court.

This demurrer, omitting the caption, reads as follows:

"The plaintiff demurs to the second paragraph of defendant Leroy M. Wade's answer, and for grounds of demurrer says that said answer does not state facts sufficient to constitute a good answer."

The appellant insists that it is insufficient both in form and substance, and raises no question as to the sufficiency of the answer; that the statute defines the causes for demurrer, and this demurrer does not contain any of the statutory causes.

Section 349, R. S. 1894, provides that, "Where the facts stated in any paragraph of the answer are not sufficient to constitute a cause of defense, the plaintiff may demur to it under the rules prescribed for demurring to a complaint."

A demurrer to an answer for want of facts should be that the answer does not state facts sufficient to constitute a cause of defense. *Silvers* v. *Junction R. R. Co.,* 43 Ind. 435 (441).

In *Lane* v. *State,* 7 Ind. 426, the demurrer was: "The plaintiff demurs to the first, second and third paragraphs of defendant's answer, for the following grounds of objection: That they are insufficient in law to constitute a legal defense to the action," and the court held that it was insufficient in that it contained none of the causes defined by the statute as cause for demurrer.

In *Hutton* v. *Indiana Central R. R. Co.,* 7 Ind. 522, a demurrer defective in form was sustained to the complaint, and on appeal the court reversing the ruling of the lower court says: "The demurrer is not conformed to the statute—is not, in form or substance, any of the six statutory causes. For that alone, the demurrer should have been overruled."

In *Dugdale* v. *Culbertson,* 7 Ind. 664, a defective demurrer was sustained to an insufficient answer, and the Supreme Court reversed the judgment of the court below, saying: "The statute makes it imperative to overrule every demurrer which does not conform to the causes specified in the practice act."

In *Tenbrook* v. *Brown*, 17 Ind. 410, a demurrer in the following language, viz.: "Comes now said plaintiff and demurs to the second paragraph of the defendant's answer, and says that the same is not sufficient in law to enable the defendant to sustain his said defense, or to bar the plaintiff's complaint," was held insufficient.

In *Gordon* v. *Swift*, 39 Ind. 212, there was a demurrer to the answer, the cause of demurrer to the first paragraph being "that the said paragraph is not a sufficient defense in law to plaintiff's complaint;" to the third, "that the said third paragraph, as a defense to plaintiff's cause of action, is not sufficient in law," and to the fourth, "that the said fourth paragraph, as a defense to plaintiff's cause of action, is not sufficient in law." The court, in passing upon the sufficiency of the demurrers to test the sufficiency of the answers, says: "Indeed, we think none of the demurrers set out any legal cause or ground of demurrer. They state none of the causes enumerated in the code for demurring."

In *Campbell* v. *Routt, Admr.*, 42 Ind. 410, a pleading was filed which was denominated an answer and counter-claim, to which the plaintiff filed a demurrer for the following causes: "That it did not state facts sufficient to bar the action, and that it did not state facts enough for a counterclaim," and the Supreme Court held that no statutory cause for demurrer was assigned, hence it was not error to overrule it.

In *Reed* v. *Higgins, Admr.*, 86 Ind. 143, the court held that it was not error to overrule a demurrer to an answer in the following form: "Come now the plaintiffs, and separately and severally demur to the second, third and fourth paragraphs of the defendant's answer herein, and for grounds of demurrer say that neither of said paragraphs constitutes any defense to this action."

In *Thomas* v. *Goodwine*, 88 Ind. 458, the causes stated

in the demurrer were, "because said defendant's answer does not state facts sufficient to constitute an answer to plaintiff's complaint," and "because neither of said paragraphs of answer state facts sufficient to constitute an answer to plaintiff's complaint," and the court held that the cause stated in the demurrer did not question the sufficiency of the answer.

In *Angaletos* v. *Meridian Nat'l Bank, etc.*, 4 Ind. App. 573, a demurrer in the following form was held insufficient to test the sufficiency of the answer, viz.: "The plaintiff demurs separately to the second, third, fourth, fifth, sixth, and seventh paragraphs of the defendant's answer herein, and shows, first, that neither of said paragraphs of answer state facts sufficient to bar the plaintiff's action."

To overrule a defective demurrer to an insufficient answer is not error, but is it reversible error to sustain a defective demurrer to an insufficient answer?

In *Hildebrand* v. *McCrum*, 101 Ind. 61, Best, commissioner, speaking for the court, says: "An error in sustaining a demurrer, proper in form, to a sufficient pleading, has repeatedly been held not to warrant a reversal of the judgment, where the party was not injured by such ruling. *Porter* v. *Silvers*, 35 Ind. 295; *Wilson* v. *Root*, 43 Ind. 486; *Emmons* v. *Meeker*, 55 Ind. 321; *Fuller* v. *Wright*, 59 Ind. 333.

"The principle that supports the rule thus announced ignores the method by which the error was committed, and applies itself to the quality of the act done. If this carries no injury the error is harmless, however committed. Applying this rule to an error committed in sustaining a defective demurrer to an insufficient pleading, the conclusion can not be avoided that such ruling was harmless, and, therefore can not work a reversal of the judgment." See also *Palmer* v. *Hayes*, 112 Ind. 289;

*Board, etc.,* v. *Gruver,* 115 Ind. 224; *Firestone* v. *Werner,* 1 Ind. App. 293; *Foster* v. *Dailey,* 3 Ind. App. 530.

We think the answer in this case is sufficient, and the court erred in sustaining the demurrer, which was defective in form, thereto.

Judgment reversed.

Filed Oct. 10, 1894.